UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>                                                           )<br>                    Plaintiff,             )<br>        vs.                                           )<br>                                                           )<br>RYAN C. BUNDY,                         )<br>                                                           )<br>                    Defendant.         )<br>_____) | Case No.: 2:16-cr-0046-GMN-PAL<br><br>**ORDER** |

Pending before the Court is Defendant Ryan C. Bundy's ("Defendant's") Objection (ECF No. 367) to the Magistrate Judge's Order (ECF No. 288) denying Defendant's oral motion to continue his detention hearing. The Government filed a Response to Defendant's Objection (ECF No. 432), and Defendant filed a Reply (ECF No. 484).

**I.     BACKGROUND**

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging Defendant and eighteen other defendants with sixteen counts related to a confrontation with Bureau of Land Management (BLM) Officers in Bunkerville, Nevada, on April 12, 2014. (ECF No. 27). On April 15, 2016, Defendant made his initial appearance and was arraigned. (ECF No. 247). At that hearing, Defendant requested a continuance of the pretrial detention hearing. (*See id.*). Magistrate Judge George Foley, Jr. granted Defendant's request and set the detention hearing for April 20, 2016. (*Id.*). At the detention hearing on April 20, 2016, Defendant made an oral motion that the detention hearing be continued again. (*See* ECF No. 288). After hearing argument on Defendant's motion, Judge Foley denied the request, but he explained that if Defendant obtained additional material evidence, then Defendant could file a motion to reopen the detention hearing. (*Id.*); (Order of

Detention at 2, ECF No. 298).  The detention hearing proceeded, and Judge Foley ultimately ordered that Defendant be detained pending trial because Defendant "poses a substantial risk of nonappearance and a danger to the community." (Order of Detention at 2).  Defendant filed the instant Objection. (ECF No. 367).

## II.  LEGAL STANDARD

When reviewing the order of a magistrate judge, a district judge should only set aside the order if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); D. Nev. R. IB 3–1(a).  A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See Burdick v. Comm'r IRS,* 979 F.2d 1369, 1370 (9th Cir. 1992).  When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell,* 245 F.R.D. 443, 446 (C.D. Cal. 2007) (citation omitted).  The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City & Cty. of San Francisco,* 951 F.2d 236, 241 (9th Cir. 1991).

## III.  DISCUSSION

Defendant argues that "good cause existed to continue the [detention] hearing so that in fairness [Defendant] might prepare to present evidence, call witnesses, and otherwise fully participate, make argument and a showing of evidence as provided in the Bail Reform Act." (Def. Obj. 2:11–15, ECF No. 365).

The Bail Reform Act states in pertinent part:

> The [detention] hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of such person may not exceed five days (not including any intermediate Saturday, Sunday, or legal holiday).

18 U.S.C. § 3142(f)(2) (emphasis added).  Defendant's initial appearance occurred on Friday, April 15, 2016.  Judge Foley continued the hearing to Wednesday, April 20, 2016, on

Defendant's initial request for more time.  Defendant's second request for additional time during the hearing did not identify any length of time for the continuance Defendant was seeking. (*See* Audio of Det. Hr'g, Ex. A to Gov't Resp., ECF No. 432-1).  His Objection is similarly void of specificity as to how long he wanted to continue the hearing. (*See* Obj.).  Further, in Defendant's Objection, he does not specify what particular evidence he would have provided if allowed the additional unspecified amount of time. (*See* Obj.).  Judge Foley clearly explained that he was ordering detention "without prejudice" so Defendant could move to reopen his detention hearing whenever he was prepared to do so. (Order of Detention at 2).  Accordingly, the Court finds that Judge Foley's denial of Defendant's oral motion to continue detention hearing was not in clear error or contrary to law.

Defendant also argues that Judge Foley erred in weighing the statutory factors of the Bail Reform Act. (Def.'s Obj. 5:22–8:20).  Defendant first appears to dispute that the rebuttable presumption under 18 U.S.C. § 3142(e)(3) applies to him. (*Id.* 5:25–6:20).  Defendant also argues that Judge Foley erred in determining that Defendant is a flight risk and danger to the community. (*Id.* 6:21–8:20).

Certain offenses create a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3).  One such offense creating that presumption is "Use and Carry of a Firearm in relation to a Crime of Violence" which is prohibited by 18 U.S.C § 924(c). 18 U.S.C. § 3142(e)(3)(B).  Defendant is charged with in Counts 3, 6, 9, and 15 of the Superseding Indictment with violating 924(c); therefore, Judge Foley properly found that the rebuttable presumption applies to Defendant.

After finding the rebuttable presumption applied, Judge Foley found that Defendant failed to rebut that presumption based on the factors provided in 18 U.S.C. § 3142(g).  During the detention hearing, Judge Foley stated:

> In light of the allegations regarding Defendant's prior conduct, the Court does not find the proposed representations made by [Defendant] here in Court today [that he would obey Court orders] are sufficient to overcome the evidence regarding the substantial risk of danger posed by the Defendant and the reasonable conclusion that the Defendant will continue to pose a substantial risk of danger to the community."

(Audio of Det. Hr'g at 12:06, Ex. A to Gov't Resp., ECF No. 432-1). Further, Judge Foley found that "the credible testimony and information submitted at the hearing" sufficiently established that Defendant is a danger to the community by clear and convincing evidence and a risk of flight by a preponderance of the evidence, and "no condition or combination of conditions will reasonably assure the safety of the community or the appearance of the Defendant." (Order of Detention at 2). Upon review of the evidence presented to Judge Foley, his findings, and the parties' briefing, the Court finds that Judge Foley did not clearly err in determining that Defendant failed to rebut the presumption of detention pending trial.

This ruling does not foreclose Defendant's opportunity to file a motion to reopen the detention hearing with the magistrate judge based on any new and material information. 18 U.S.C. § 3142(f)(2) ("The [detention] hearing may be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue [of detention]").[1] Defendant cites *United States v. Bararia*, No. 2:12-cr-00236-MMD-GWF, 2013 WL 1907782, at *4 (D. Nev. March 12, 2013) for the proposition that a reopened detention hearing is "limited in scope." (Def. Reply 3:26–4:1, ECF No. 484). This case, however, only provides the standard for reopening a detention hearing—new and material information—and explains that the court receives "any information, within reason, not submitted at the original detention hearing . . . to be considered in context." *Bararia*, 2013 WL 1907782, at *4 (internal quotations omitted). Once the magistrate judge determines it is proper to reopen the detention hearing, there exists no different standard at the reopened detention hearing compared with the original detention

---

[1] As noted above, Judge Foley similarly advised Defendant of his right to file a petition to reopen his detention hearing. (*See* ECF No. 288); (Order of Detention at 2).

hearing. *See* 18 U.S.C. § 3142(f)(2); *see also United States v. Motamedi*, 767 F.2d 1403, 1406–07 (9th Cir. 1985) (outlining the pretrial detention standard that the Government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, or by clear and convincing evidence that the defendant poses a danger to the community).

### IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Objection (ECF No. 367) is **OVERRULED**.

**DATED** this __7__ day of December, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court