DANIEL G. BOGDEN
United States Attorney
District of Nevada
STEVEN W. MYHRE
NICHOLAS D. DICKINSON
NADIA J. AHMED
Assistant United States Attorneys
ERIN M. CREEGAN
Special Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
steven.myhre@usdoj.gov
nicholas.dickinson@usdoj.gov
nadia.ahmed@usdoj.gov
erin.creegan@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:16-CR-00046-GMN-PAL |
| Plaintiff, | |
| v. | **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT RYAN BUNDY'S MOTION FOR OWN RECOGNIZANCE OR BAIL PENDING TRIAL (ECF No. 1082)** |
| RYAN BUNDY, | |
| Defendant. | |

**CERTIFICATION**:  Pursuant to Local Rule 12-1, this Motion is timely filed.

The United States, by and through the undersigned, respectfully responds to defendant Ryan Bundy's Motion for Own Recognizance or Bail Pending Trial (filed on the docket as a motion to reopen detention) (ECF No. 1082) (Hereinafter "Motion" or "Motion to Reopen").   For the reasons below, the motion should be denied.

## PROCEDURAL BACKGROUND

On February 17, 2016, Ryan Bundy ("R. Bundy") was charged by Indictment in Nevada with numerous crimes of violence in connection with his alleged participation in a conspiracy to use force, violence and firearms to assault and extort federal officers on April 12, 2014, near Bunkerville, Nevada.  ECF No. 5.  The charges included assault with a deadly weapon on a federal law enforcement officer, threatening a federal law enforcement officer, obstruction of justice, extortion of federal officers, and use and brandish a firearm in relation to a crime of violence, and conspiracy to commit same, all in violation of Title 18, United States Code, Sections 111(a)(1) and (b), 115, 924(c), 1503, 1951 and 371, respectively.  *Id.*

Before the return of the Nevada Indictment, which joined R. Bundy and four (4) other co-defendants, R. Bundy had been charged by Indictment in the District of Oregon, for felony violations arising from his alleged involvement in an armed takeover of the Malheur National Wildlife Refuge (MNWR) in Harney County, Oregon, in and around January 2016.  R. Bundy was arrested on January 27, 2016, ordered detained.

On March 2, 2016, the Superseding Indictment in this case was returned in the District of Nevada, joining R. Bundy with 14 additional defendants, bringing the total number of joined defendants to 19.  ECF No. 27.  That same day, the Court issued a writ of habeas corpus *ad prosequendum* requiring the United States Marshal Service (USMS) to transport R. Bundy from Oregon to Nevada so that he could be arraigned on the Superseding Indictment.  ECF No. 56.

R. Bundy was transferred to the District of Nevada on April 13, 2016, and made his initial appearance in this case on April 15, 2016.  ECF No. 247.  On April 19, 2016, Magistrate Judge Peggy Leen held a hearing to conduct a *Faretta* canvas of R. Bundy on his motion.  ECF No. 285.  After advising R. Bundy of the difficulties attenuating to self-representation and the fact that special considerations would not be made for him based on his *pro se* status, Judge Leen granted his motion.

On April 20, 2016, a detention hearing was held before Magistrate Judge George Foley, Jr.  ECF No. 288.  At the detention hearing, R. Bundy made an oral motion to continue the hearing so that he could gather additional evidence to support his argument that he should be released pending trial in this case.  *Id*. Judge Foley denied the motion without prejudice to R. Bundy's ability to move to reopen and ordered R. Bundy detained as a risk of nonappearance and danger to the community.  ECF Nos. 288 and 298.

On May 4, 2016, R. Bundy filed his objection to Judge Foley's factual findings and detention order.  ECF No. 367. The government responded (ECF No. 432), and the defendant replied (ECF No. 484). On December 7, 2016, the district court overruled R. Bundy's objections, finding that Magistrate Judge Foley had properly denied R. Bundy's motion to continue his detention hearing to gather further evidence, and had not erred in weighing the statutory factors under the Bail Reform Act. ECF No. 1078.

The following day, R. Bundy filed his instant motion for own recognizance or bail pending trial. He offers only (1) a representation that he has been acquitted of

unrelated charges in Oregon, and (2) legal argument. As R. Bundy has not been acquitted of all charges in Oregon (the jury hung on a count of theft of government property) and legal argument is not new and material information under the Bail Reform Act, his motion must be denied.

## **ARGUMENT**

A detention hearing may be reopened at any time before trial if information, not known to the movant at the time of the first hearing, is discovered, and the new information has a material bearing on the issue of detention.  *See* 18 U.S.C. § 3142(f)(2).  Courts strictly interpret this provision.  *United States v. Turino*, No. 2:09–cr–132–JAD–GWF, 2014 WL 5261292, at *1 (D. NV Oct. 15, 2014) ("if evidence was available at the original hearing, no rehearing is granted").

R. Bundy provides nothing *new and material* within the meaning of 18 U.S.C. § 3142(f) to support reopening.  The Government adopts and incorporates by reference all the evidence it proffered in R. Bundy's detention hearing and all the arguments advanced in support of detention.  The Government further submits as follows.

The Superseding Indictment charging four violations of 18 U.S.C. § 924(c) provides a presumption, subject to rebuttal, that no condition or combination of conditions will reasonably assure the appearance of the defendant as required, and the safety of the community.  *See* 18 U.S.C. § 3142(e)(3)(B).  Because of the nature and circumstances of the offenses charged against R. Bundy which give rise to the presumption of detention, the Government submits that no evidence will be

4

1    sufficient to rebut the presumption of detention.  However, even if rebutted, the

2    presumption "remains in the case as an evidentiary finding militating against

3    release, to be weighed along with other evidence relevant to factors listed in

4    § 3142(g)."  *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) *quoting*

5    *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986).

6         The detention order specifically states that "Based on the allegations in the

7    Superseding Indictment, there is a rebuttable presumption that the defendant

8    poses a substantial risk of nonappearance and a danger to the community."  ECF

9    No. 298 at 2(2).  It is clear both from the record and from the written order that

10   Judge Foley was referencing the rebuttable presumption provided in the Bail

11   Reform Act based on R. Bundy having been charged with a violation of Title 18,

12   United States Code, Section 924(c). 18 U.S.C. § 3142(e)(3)(B).  Judge Foley correctly

13   acknowledged the grand jury's finding of probable cause in charging R. Bundy with

14   four counts of 924(c) violations and properly invoked the presumption.  *See United*

15   *States v. Ward*, 63 F. Supp. 2d. 1203, 1209 (C.D. Cal. 1999) ("Various circuits have

16   uniformly held that a judicial officer does not have to make an independent

17   determination of probable cause; a grand jury indictment itself is sufficient to

18   establish probable cause for purposes of invoking the Section 3142(e) presumption.")

19   

20        Judge Foley's written order specifically referenced the rebuttable

21   presumption applicable to the issue of the risk of nonappearance and danger to the

22   community.  ECF No. 298 at 2(2).  It also referenced the allegations regarding R.

23

24

Bundy's conduct in the April 12 assault and in traveling with arms to Oregon to participate in the armed takeover of the MNWR. *Id.*

Additionally, Judge Foley's written order specifically provided in the "Statement of the Reasons for Detention" that the court found the information submitted at the hearing established by clear and convincing evidence that R. Bundy was a danger to the community and by a preponderance of the evidence that he posed a risk of flight and that no condition or combination of conditions will reasonably assure the safety of the community or the appearance of R. Bundy. *Id.* at 2, Part II.

The information proffered by government counsel included not only R. Bundy's role in the April 12 assault but also the following: R. Bundy's refusal to disavow violent interference with the BLM's impending impoundment in February 2014; R. Bundy's involvement in the March 28, 2014 interception of BLM's hired contractors' convoy; his April 2, 2014, disruption of a Richfield, Utah sale barn that had contracted with the BLM to auction the impounded cattle, including R. Bundy's statement to the local sheriff on scene that if he could not stop the cattle at the border, he would take them by force at the sale barn; and R. Bundy's public statements including that they needed to go to the BLM compound and that a few of them may "have bullets drilled through us . . . and then we will have to turn around and drill bullets through them. . ." and that the local law enforcement would not help the Bundys so they were gathering their own private law enforcement force.

Additionally, the government proffered the details of R. Bundy's involvement in the April 12 assault following Cliven Bundy's call to go get his cattle from the BLM impoundment.  R. Bundy along with his brothers led the assault at the impoundment site, delivered the Bundy family's demands that BLM leave immediately, and announced to the Bundy followers that "the west has now been won!" as the BLM prepared to leave.

Government counsel also proffered information regarding R. Bundy's conduct after the April 12 assault, including his interference with BLM employees in the Gold Butte area and his participation in the armed takeover of MNWR.  Finally, the government noted that at issue ultimately were federal court orders that R. Bundy failed to comply with that remained in effect, remained unenforced and that the proceeds of R. Bundy's criminal conduct remained at large on the public lands.

Judge Foley made oral findings regarding the information proffered by the government, including that R. Bundy was a leader and organizer in the events and also R. Bundy's participation in efforts to thwart any law enforcement efforts relating to the April 12 events thereafter.  *Id.*  Judge Foley also noted that R. Bundy posed a risk of nonappearance given the allegations regarding his refusal to obey and rejection of court orders.  *Id.*

The only fact that R. Bundy offers in support of release is that he has been acquitted of charges in Oregon. Mot. at 1. R. Bundy has been acquitted of two out of three counts of his indictment in Oregon with regard to the armed occupation of the Malheur National Wildlife Refuge; the jury hung as to the remaining count

relating to theft of government property. *United States v. Bundy*, Case No. 3:16-cr-00051, Doc. 1511 (Oct. 27, 2016). There is no material change in circumstance for the court to consider: it remains the case that R. Bundy could face additional proceedings in the District of Oregon for his role in the takeover.

Additionally, R. Bundy offers extensive legal argument. Legal argument is not new and material information. Arguments are not evidence in any context. *Cf. United States v. Philpot,* 733 F.3d 734, 747 (7th Cir. 2013); *In re: Payne,* 431 F.3d 1055, 1066 (7th Cir. 2005) (Posner, J.).

Moreover, R. Bundy's legal arguments are without merit. Bundy argues that detention of ten months is presumptively punitive and therefore does not comport with due process. Mot. at 3. However, "[c]ourts generally decline to entertain due process challenges to pretrial detention when the length of detention is as short as one year." *United States v. Woods*, No. 208-CR-0181-HDM-LRL, 2008 WL 4167291, at *2 (D. Nev. Sept. 3, 2008) (citing cases where defendants were expected to be incarcerated up to 16-24 months before trial).

/////
/////
/////
/////
/////
/////
/////

## CONCLUSION

**WHEREFORE**, for all the foregoing reason, the Court should deny Ryan Bundy's motion to reopen.

Dated this 19th day of December 2016.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

_____// s //_____
STEVEN W. MYHRE
NICHOLAS D. DICKINSON
NADIA J. AHMED
Assistant United States Attorneys
ERIN M. CREEGAN
Special Assistant United States Attorneys

*Attorneys for the United States*

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## CERTIFICATE OF SERVICE

I certify that I am an employee of the United States Attorney's Office.  A copy of the foregoing **GOVERNMENT'S RESPONSE IN OPPOSITION to DEFENDANT RYAN BUNDY'S MOTION FOR OWN RECOGNIZANCE OR BAIL PENDING TRIAL (ECF No. 1082)** was served upon counsel of record, via Electronic Case Filing (ECF).

DATED this 19th day of December, 2016.


*/s/ Steven W. Myhre*
_____
STEVEN W. MYHRE
Assistant United State Attorney