UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br>RYAN C. BUNDY,<br><br>Defendant. | Case No. 2:16-cr-00046-GMN-PAL<br><br>**ORDER**<br><br>(Ex Parte Mot for Contact – ECF No. 1044) |

Before the court is Defendant Ryan C. Bundy's Ex Parte Motion for Ryan C. Bundy to be Allowed In-Custody Contact Visits From His Defense Team (ECF No. 1044), and First Supplement to Ex Parte Motion for Ryan C. Bundy to be Allowed In-Custody Contact Visits from His Defense Team (ECF No. 1070). The Motion and Supplement are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-7 of the Local Rules of Practice.

Ryan Bundy is representing himself and has court-appointed standby counsel available to assist upon his request. *See* Mins. of Proceedings (ECF No. 285). The motion was filed by standby counsel who advises that she was "specifically authorized" to file it. The motion requests an order allowing contact visits with five individuals to assist in trial preparation: Shawna Cox, Dan H. Bailey, Jeremy Lee, Roger Roots, and Claude "Rick" Koerber. Mr. Bundy indicates that these individuals will assist in: "(a) review of underlying facts/discovery, (b) motion/brief research and writing, (c) trial/witness preparation, (d) investigation, (e) paperwork delivery to/from for purposes of filing with the court." The supplement adds one additional individual to the list: Julie Embry.

The Ninth Circuit has held that an "incarcerated defendant may not meaningfully exercise his right to represent himself without access to law books, witnesses, or other tools to prepare a defense." *Milton v. Morris*, 767 F.2d 1443, 1446 (9th Cir. 1985) (citing *Faretta v. California*, 422 U.S. 806, 818 (1975)). Thus, "time to prepare and some access to materials and witnesses are

1

1  fundamental to a meaningful right of representation." *Id*. However, the "right of access is not
2  unlimited." *United States v. Sarno*, 73 F.3d 1470, 1491 (9th Cir. 1995). It must be "balanced
3  against the legitimate security needs or resource constraints of the prison." *Id*.; *see also United*
4  *States v. Robinson*, 913 F.2d 712, 717 (9th Cir. 1990).

5        The Ninth Circuit has held that a pro se defendant's due process right is satisfied where
6  court-appointed counsel is available to assist the defendant in preparing his defense. *Milton*, 767
7  F.2d at 1446 (defendant has no "due process right of access to a court maintained library, so long
8  as he is afforded some alternative means for assistance in the preparation of his defense"). Other
9  reasonable alternatives that are consistent with jail or prison management may also meet the
10 requirement of reasonable access to resources. *Id.* at 1447. However, there is no right to
11 alternative requests. *See, e.g., Kane v. Garcia Espitia*, 546 U.S. 9, 10 (2005) ("*Faretta* says
12 nothing about any specific legal aid" owed to a pro se defendant); *United States v. Moreland*, 622
13 F.3d 1147, 1156 (9th Cir. 2010) (rejecting argument that pro se defendant's right was violated
14 where he "received assistance from standby counsel, just not the degree of assistance he later
15 decided he wanted."); *United States v. Coppola*, 198 F. App'x 629, 633 (9th Cir. 2006) (finding
16 that "denial of specific resources at particular times did not result in any prejudice" where pro se
17 defendant received standby counsel, legal research materials, and computer access); *United States*
18 *v. Age*, 944 F.2d 910 (9th Cir. 1991) ("The fact that a direct line would provide more convenient
19 access to counsel does not, of course, mean that such facilities are constitutionally required; as the
20 Supreme Court has said, an accused who elects to defend himself 'relinquishes ... many of the
21 traditional benefits associated with the right to counsel'." (quoting *Faretta*, 422 U.S. at 835)).

22       Mr. Bundy is not entitled to designate lay persons, supporters, or others as a part of his
23 defense team for the purpose of receiving access to and contact visits with these individuals on the
24 same terms as detention facility staff and the United States Marshal Service ("USMS") provide for
25 counsel of record. He is also not entitled to designate an out of state attorney, who has not applied
26 for admission pro hac vice, as his legal representative.

27       Mr. Roots filed a declaration (ECF No. 1077) captioned "Notice of Interference by U.S.
28 Marshals and the Corrections Corporation of America" in this case on December 6, 2016. In it

1    Mr. Roots identifies himself as a resident of Montana and an attorney licensed in Rhode Island and
2    various federal circuits, including the Ninth Circuit, who has helped Mr. Bundy with researching
3    and "preparing various things for his defense over the past year." He indicates that he functioned
4    as a paralegal for Mr. Bundy in the Oregon prosecution and was present at his defense table
5    throughout the trial. The notice states that Mr. Roots attempted to visit Mr. Bundy at the detention
6    facility in Pahrump "to help Ryan Bundy prepare for this defense" and that he was carrying various
7    defense documents "urgently requiring his signature for filing in this and other courts." Mr. Roots
8    is not admitted to the bar of this state or admitted pro have vice in this case. He may not engage
9    in the unauthorized practice of law in this district. Mr. Bundy has court appointed standby counsel
10   to assist him. If Mr. Bundy believes he needs additional CJA resources to assist in his defense he
11   may apply for that assistance, the court will consider his request, and if appropriate, appoint an
12   investigator or paralegal qualified to provide CJA defense services.

13   The court has previously directed the USMS to investigate and report the Nevada Southern
14   Detention Center's policies regarding defendants' access to discovery materials. *See* July 7, 2016
15   Order (ECF No. 588). The USMS has worked with staff at the Southern Nevada Detention Center
16   to provide all of the defendants in this case with electronic access to discovery materials, and law
17   library access. The detention center's law library has 17 computers, 13 of which also have access
18   to Lexis/Nexis. Detainees are allowed access to the law library 25 hours per week. *Id*. The USMS
19   recently updated the court concerning inmate access to computers:

> All of the defendants in this case are housed in G units which are used for inmates that need additional time. G unit inmates can use the law library computers on Monday, Wednesday and Friday for 5 hours in the morning, and on Tuesday and Thursday for 3 hours in the afternoon. A computer with Lexis/Nexis is also available in every G unit which can be used during dayroom hours between 6 a.m. and 9 p.m., 7 days a week. CCA has approved allowing co-defendants to have access to the computer in the G units as a group so that they can work on their case together.

*See* Nov. 28, 2016 Order (ECF No. 1033). In addition, the court has granted two prior motions
requesting a joint meeting among all of the defendants and their counsel. At the request of the
court, staff at the detention center also agreed to accommodate a weekly meeting among the
defendants and their counsel to facilitate their trial preparation. *Id*. at 2.

3

      The court also appointed a Coordinating Discovery Attorney ("CDA") in the beginning of this case to assist the defendants and their counsel. Without publically disclosing the work product provided, the CDA has a substantial staff devoted to this case, and has contracted with vendors to assist the defendants in discovery review and trial preparation. The CDA provides monthly status reports which outline the results of his activities and progress on behalf of the defendants. Standby counsel has had full access to the CDA's work product

      Mr. Bundy has already been given access to multiple tools to prepare his defense, including access to standby counsel, extended time in the law library, the substantial services of the CDA and his staff and vendors, and joint defense meetings. In short, the court will not approve contact visits or other access on terms provided for counsel of record to individuals Mr. Bundy designates as members of his defense team. Mr. Bundy has standby counsel and may apply for additional CJA resources if he believes he needs them.

      **IT IS ORDERED:** Defendant Ryan C. Bundy's Ex Parte Motion for Ryan C. Bundy to be Allowed In-Custody Contact Visits From His Defense Team (ECF No. 1044) is **DENIED**.

      DATED this 9th day of January, 2017.

PEGGY A. LEEN  
UNITED STATES MAGISTRATE JUDGE