UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES,<br><br>              Plaintiff,<br>v.<br>RYAN C. BUNDY,<br><br>              Defendant. | Case No. 2:16-cr-00046-GMN-PAL<br><br>**ORDER**<br><br>(Mot Inspect GJ Records – ECF No. 1029) |

Before the court is Defendant Ryan C. Bundy's Motion to Inspect All Records of Grand Jury Selection (ECF No. 1029), filed November 28, 2016. This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. The court has reviewed the Motion and the Government's Response (ECF No. 1126). No reply brief was filed and the deadline for doing so has now passed.

The Motion consists of one sentence stating Ryan Bundy's request "to inspect all records of grand jury selection" pursuant to 28 U.S.C. § 1861 of the Jury Selection and Services Act. The Response states that the government takes no position on the motion.

The Supreme Court has stated that the purpose of the Jury Selection and Services Act (the "Act"), 28 U.S.C. §§ 1861–1878, is to ensure that grand and petit juries are " 'selected at random from a fair cross section of the community in the district or division wherein the court convenes'." *Test v. United States*, 420 U.S. 28, 30 (1975) (quoting 28 U.S.C. § 1861). The Act allows a criminal defendant to "move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the [Act] in selecting the grand or petit jury." 18 U.S.C. § 1867(a); *see also* Fed. R. Crim. P. 6(b). Because the Act does not control the timing of a motion to inspect jury selection records, the Ninth Circuit has held that a district court's general

/ / /

procedures for the processing and trial of cases apply. *United States v. Bogard*, 846 F.2d 563, 567 (9th Cir. 1988).

A motion for inspection of jury records is a "request which is capable of determination without the trial of the general issue," therefore, it is subject to any pretrial motions deadline set by the court. *Id*. (quoting Fed. R. Crim. P. 12(b)). When such a motion is untimely under a case management order, the decision to entertain the motion "rests in the sound discretion of the court." *Id*. (affirming the district court's denial of motion for inspection as untimely when motion was not filed prior to the pretrial motions deadline) (quoting *People of Territory of Guam v. Palomo*, 511 F.2d 255, 257 (9th Cir. 1975)).

As an initial matter, the court finds that Ryan Bundy's Motion is untimely. On April 26, 2016, the court entered a Case Management Order (ECF No. 321) setting deadlines for filing motions to sever, pretrial motions and notices required by Rule 12 of the Federal Rules of Criminal Procedure and LCR 12(1)(b). The court also that found the case was a complex case within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii). No defendant filed objections to the case management order. On September 20, 2016, Defendant Peter T. Santilli filed a Motion to Continue Case Management Rule 12 Motions and Notices Deadline by 30 Days (ECF No. 672). While this motion was pending, on September 26, 2016, Ryan Bundy filed a Motion for Joinder (ECF No. 680) to Santilli's request through his standby counsel. In his joinder, Ryan Bundy indicated that additional time was needed because he was "in the middle of a federal jury trial in the District of Oregon." *Id*. However, Santilli subsequently filed a Motion to Withdraw (ECF No. 689) his request for continuance, which the court granted. Because the underlying motion to continue was withdrawn, the court denied Ryan Bundy's request for joinder, but granted in part his request for an extension of the Rule 12 motions deadline, extending the deadline until October 17, 2016. *See* Order (ECF No. 802). He did not seek another extension.

Ryan Bundy's current motion was filed November 28, 2016, approximately five weeks after his extended deadline expired. However, he was in trial in Oregon for approximately seven weeks before his acquittal on October 27, 2016, and he was not transported to this jurisdiction until mid-November. *See* Mot. for Order Compelling USM to Expedite Transfer (ECF No. 970); Nov.

15, 2016 Order (ECF No. 977) (denying motion as moot since defendants Ammon and Ryan Bundy had already arrived in Nevada).  The court will therefore exercise its discretion to address the merits of the motion.

The Act allows a criminal defendant to seek relief based on a substantial failure to comply with the Act in the selection of the grand or petit jury. 18 U.S.C. § 1867(a); Fed. R. Crim. P. 6(b). The Act provides that the parties in a case shall be allowed to inspect the contents of records or papers used in connection with the jury selection process as may be necessary in the preparation or presentation of a motion.  18 U.S.C. § 1867(f).  A criminal defendant "has essentially an unqualified right to inspect jury lists" because he would be unable to determine whether he has a potentially meritorious challenge without inspection.  *Test*, 420 U.S. at 30.  However, the "right to discovery by the Act and *Test* is not limitless."  *United States v. Diaz*, 236 F.R.D. 470, 482 (N.D. Cal. 2006).  "Defendants are entitled only to discovery 'necessary' to prepare a motion alleging substantial noncompliance with the Act's jury selection procedures."  *Id*. at 482–83 (finding that names and other personal information are not ordinarily subject to disclosure to criminal defendants because disclosure of jurors' personal and private information cannot assist a defendant in the preparation of his motion and is not necessary under the Act).  The Ninth Circuit has not addressed what information a party is entitled to receive in a request for information under the Act. However, the Sixth Circuit has held that a defendant's unqualified right to inspection was "satisfied by disclosure of the master lists and the relevant demographic data about the general pool from which the specific grand jurors were selected." *United States v. McLernon*, 746 F.2d 1098, 1123 (6th Cir. 1984).

Here, Mr. Bundy does not specify what it is he wants. He simply asks for *all records* of grand jury selection.  This request is facially overbroad and presents logistical and security problems.  He does not indicate for what purpose he wants the documents or represent that he intends to file a motion pursuant to § 1867(a) of the Act.  Under these circumstances, the court will order disclosure of the District of Nevada's plan for random jury selection, and the most recent Report on Operation of the Jury Selection Plan which were prepared pursuant to 28 U.S.C. § 1863.

/ / /

1  **IT IS ORDERED:** Defendant Ryan C. Bundy's Motion to Inspect All Records of Grand
2  Jury Selection (ECF No. 1029) is **GRANTED** to the extent the Jury Administrator SHALL MAIL
3  a copy of the District of Nevada's plan for random jury selection, and most recent Report on
4  Operation of the Jury Selection Plan, which were prepared pursuant to 28 U.S.C. § 1863 to
5  Defendant Ryan C. Bundy.

6  DATED this 11th day of January, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE