DANIEL G. BOGDEN
United States Attorney
District of Nevada
STEVEN W. MYHRE
NICHOLAS D. DICKINSON
NADIA J. AHMED
Assistant United States Attorneys
ERIN M. CREEGAN
Special Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
steven.myhre@usdoj.gov
nicholas.dickinson@usdoj.gov
nadia.ahmed@usdoj.gov
erin.creegan@usdoj.gov

*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RYAN BUNDY, <br><br> Defendant. | 2:16-CR-00046-GMN-PAL <br><br> **GOVERNMENT'S RESPONSE IN OPPOSITION TO RYAN BUNDY'S MOTION FOR DISCLOSURE OF INFORMANTS (ECF No. 1239 and 1267)** |

**CERTIFICATION**: Pursuant to Local Rule 12-1, this Motion is timely filed.

The United States, by and through the undersigned, respectfully submits its Response in Opposition to defendant Ryan Bundy's ("R. Bundy's") Motion for Disclosure of Informants (ECF No. 1239) (hereinafter "Motion"), which has been joined by Ryan Payne (ECF No. 1267).

## BACKGROUND

On March 2, 2016, a federal grand jury in the District of Nevada returned a sixteen-count superseding indictment against defendant Ryan Bundy, his father, three of his brothers, and fourteen others. The indictment charged them with Conspiracy to Commit an Offense Against the United States, 18 U.S.C. § 371; Conspiracy to Impede or Injure a Federal Officer, 18 U.S.C. § 372; Use and Carry of a Firearm in Relation to a Crime of Violence, 18 U.S.C. § 924(c); Assault on a Federal Officer, 18 U.S.C. § 111(a)(1), (b); Threatening a Federal Law Enforcement Officer, 18 U.S.C. § 115(a)(1)(B); Obstruction of the Due Administration of Justice, 18 U.S.C. § 1503; Interference with Interstate Commerce by Extortion, 18 U.S.C. § 1951; and Interstate Travel in Aid of Extortion, 18 U.S.C. § 1952. These charges stem from a massive, unprecedented assault on law enforcement officers duly executing the orders of the United States District Court for the District of Nevada.

On January 5, 2017, R. Bundy filed the instant motion for disclosure. He submits a list of 39 interrogatories seeking information about any and all confidential informants that may have been "utilized" in the instant case, citing nothing more than *Brady*, generally. Mot. at 3, 6-20, 22-23. For the reasons explained herein, his motion should be denied.

## ARGUMENT

There is no general right of discovery in criminal trials. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). The government is required to turn over materials that fall under one of several firmly-established discovery theories, the most well-

known and important of which include *Brady* (and by extension, *Giglio*), *Jencks*, and Fed. R. Crim. P. 16(a).

A defendant's mere allegation that the requested information might be material does not entitle him to an unsupervised search of the government's files. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987). Nor is the defendant entitled to a full accounting of the government's investigation. *See United States v. Agurs*, 427 U.S. 97, 109-10 (1976) ("[T]here is no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case.... The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish materiality in the constitutional sense.").

Instead, "to establish a violation of *Brady*, a defendant must provide the court with some indication that the materials to which he ... needs access contain material and potentially exculpatory evidence." *United States v. Brandon*, 17 F.3d 409, 456 (1st Cir. 1994). *See also United States v. Caro-Muniz*, 406 F.3d 22, 29-30 (1st Cir. 2005) (denying discovery of tape recordings which the defense alleged "may" contain *Brady* materials); *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) ("Allegations that are merely "conclusionary" or are purely speculative cannot support a *Brady* claim."); *United States v. Gonzalez*, 466 F.2d 1286, 1288 (5th Cir. 1972) (denying discovery of the "names and addresses of all persons having knowledge pertaining to the facts of this case" as essentially "asking the government to simplify [the defendant's] task of evidence-gathering").

3

As the Supreme Court has explained, an "individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf *in the case,* including the police." *Kyles v. Whitley,* 514 U.S. 419, 437 (1995) (emphasis added). The prosecution team has no duty to seek exculpatory information that is not within its possession. *See, e.g., United States v. Ekiyor*, 89 F. Supp. 3d 928, 936 (E.D. Mich. 2015) ("[T]he imposition of an unlimited duty on a prosecutor to inquire of other offices not working with the prosecutor's office on the case in question would inappropriately require [the court] to adopt a monolithic view of government that would condemn the prosecution of criminal cases to a state of paralysis.").

In this case, the government does not intend to call any confidential informants as witnesses at trial. Nor is the government aware of any exculpatory information that any confidential informant possesses. No confidential informant is a percipient witness to any events of the conspiracy. Therefore, there is nothing to disclose to Bundy, whether confidential informants assisted in some way in the investigation of this case, or not. His bare claims to the contrary are unavailing. Mot. at 4.

Moreover, almost fifty years ago, the Supreme Court recognized that the government has a qualified privilege to withhold from disclosure the identities of its confidential informants. *Roviaro v. United States,* 353 U.S. 53, 59 (1957). In determining whether or not to order disclosure of a confidential informant given the government's qualified privilege, this Court must balance the public interest in

protecting the flow of information and encouraging citizens to report crimes against the individual defendant's need for disclosure in order to prepare his defense. *Id.* at 62. The burden is on the defendant to demonstrate the need for disclosure. *United States v. Johnson,* 886 F.2d 1120, 1121 (9th Cir. 1989). To meet this burden, the defendant must set forth specific facts establishing why disclosure is "essential to a fair determination of his cause." *Id. See also United States v. Tham,* 665 F.2d 855, 860 (9th Cir. 1982); *United States v. Buras,* 633 F.2d 1356, 1360 (9th Cir. 1980). The defendant "must show that he has more than a 'mere suspicion' that the informant has information which will prove 'relevant and helpful' or will be essential to a fair trial." *United States v. Amador-Galvan*, 9 F.3d 1414, 1417 (9th Cir. 1993), quoting *United States v. Williams*, 898 F.2d 1400, 1402 (9th Cir. 1990). Evidence is material only if there is a reasonable probability that if it is disclosed, the result of the proceeding will be different, and materiality applies to both exculpatory evidence and impeachment evidence. *United States v. Murillo*, 255 F.3d 1169, 1179 (9th Cir. 2001) (overruled on other grounds). *Amador-Galvan* requires that, if the defendant has met his burden of showing that the information he seeks exists and is "essential" or "relevant and helpful" to his defense, then the Court is to hold an *in camera* hearing to determine whether, in fact the informant's information actually would be helpful to the defendant. 9 F.3d at 1416-17.

Bundy argues that because confidential informant information was used to obtain initial search warrants, he is entitled to identifying information about the confidential informants. Mot. at 4. He is wrong. *United States v. Fixen,* 780 F.2d

1434, 1439 (1986) ("[A] trial court need not require federal agents to disclose the identity of a reliable informant where the sole ground for seeking that information is to establish the existence of probable cause for arrest."); *see also United States v. Marshall*, 526 F.2d 1349, 1359 (9th Cir. 1975) (no right to disclosure of informant "who provided only information which, combined with other facts, gave the officers probable cause to arrest"). Additionally, as motions to suppress were due in October, Bundy cannot claim he requires the information to support a motion to suppress. Mot. at 4.

Where, as here, a confidential informant is not a percipient witness to the conduct charged and will not testify at trial, the defendant is not entitled to disclosure of any confidential informant's identity or information. The so-called "informer's privilege" announced in *Roviaro* and its Ninth Circuit progeny make clear that the public's interest in protecting the identity of confidential informants must yield only where disclosure is "essential" to a fair determination of the case or relevant and helpful to the defense. Far from meeting his burden to identify a basis on which disclosure is relevant and helpful, much less "essential" to his case, the defendant's motion contains nothing more than speculation and is precisely the kind of "fishing expedition into [an] informant's background" that courts have found the case law does not support. *United States v. Rowland*, 464 F.3d 899, 909 (9th Cir. 2006).

/////

////

## CONCLUSION

**WHEREFORE**, for all the foregoing reasons, the government respectfully requests that the Court enter an Order denying Bundy's Motion (ECF No. 1239) and all joinders thereto.

Dated this 19th day of January, 2017.

                                        Respectfully submitted,

                                        DANIEL G. BOGDEN
                                        United States Attorney

                                            *//s//*
                                      _____
                                        STEVEN W. MYHRE
                                        NICHOLAS D. DICKINSON
                                        NADIA J. AHMED
                                        Assistant United States Attorneys
                                        ERIN M. CREEGAN
                                        Special Assistant United States Attorney

                                        *Attorneys for the United States*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the United States Attorney's Office. A copy of the foregoing **GOVERNMENT'S RESPONSE IN OPPOSITION TO RYAN BUNDY'S MOTION FOR DISCLOSURE OF INFORMANTS (ECF No. 1239 and 1267)** was served upon counsel of record, via Electronic Case Filing (ECF).

DATED this 19th day of January, 2017.

*/s/ Steven W. Myhre*
_____
STEVEN W. MYHRE
Assistant United State Attorney