**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No.: 2:16-cr-00046-GMN-PAL |
| vs. ) | **ORDER** |
| RYAN C. BUNDY, ) | **Re: Governments's Objections to Defendant's Witness and Exhibit For Reopened Detention Hearing.** |
| Defendant. ) | |

This matter is before the Court on the Government's Objections to Defendant Ryan Bundy's Proposed Exhibits and Witnesses (ECF No. 1378), filed on January 22, 2017.

The order reopening the detention hearing states that "[w]hile the Court does not preclude Defendant from calling any witnesses to testify, it requires that he first make 'a specific proffer to the court of how the witnesses' testimony will negate the government's contention that the defendant is a danger to the community, or will rebut the presumption created by the statute that the defendant should be detained.'" *Order* (ECF No. 1263), pgs. 15, 19-20. The Court also required Defendant to provide a proffer of any video evidence he intends to introduce, including a description of its content and its duration.

Defendant Bundy filed his lists of exhibits and witnesses on January 17, 2017. (*See* ECF Nos. 1325 and 1326). On January 18, 2017, the Court entered an order stating that Defendant could call two character witnesses to provide live testimony at the hearing and could submit affidavits from other character witnesses. *Order* (ECF No. 1329). The Court struck certain witnesses listed by Defendant. *Id.* The Court did not preclude Defendant from calling Las Vegas Metropolitan Police Department

1    (LVMPD) Officers Mark McEwen and Brent Empy, Clark County Sheriff Joseph Lombardo, Servier

2    County, Utah Sheriff Nathan Curtis, and Jerusha Bundy— subject to any objection by the Government

3    to such witnesses being permitted to testify.  *Id*.  The Court also struck certain exhibits listed by

4    Defendant because he failed to provide a sufficient description of their alleged relevance.  The Court

5    stated that it would await any objection by the Government to the other exhibits before deciding

6    whether to permit their introduction.  *Order* (ECF No. 1330).

7         Other than character witnesses, the Government objects to Defendant being permitted to call the

8    witnesses who were not precluded by the January 18, 2017 order.  The Government states that "[w]hile

9    Sheriff Lombardo was present with BLM officers during the assault of April 12, R. Bundy fails to make

10   any testimonial proffer that negates Bundy's involvement in those events.  Nothing in the Government's

11   investigation of this case reveals that Sheriff Lombardo possesses any information that is either

12   exculpatory as to R. Bundy or helpful in advancing any defense to the crimes charged in the [Second

13   Superceding Indictment]."  *Objection* (ECF No. 1378), pg. 3.  The Court agrees that Defendant Bundy

14   has failed to make any showing that Sheriff Lombardo's testimony would support his version of the

15   events on April 12, 2014.  Although it is conceivable that Defendant might elicit some favorable

16   testimony from Sheriff Lombardo, the detention hearing is not a discovery device; nor is it an

17   opportunity for Defendant to rehash the issue of probable cause by questioning witnesses who might

18   say something favorable to the defense.  *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996);

19   *United States v. Hurtado*, 779 F.2d 1467, 1479 (11th Cir. 1985).

20        In civil litigation, a court can preclude a party from deposing a high-level executive, a so-called

21   "apex" deponent, where the discovery sought "can be obtained from some other source that is more

22   convenient, less burdensome, or less expensive."  *Apple Inc. v. Samsung Electronics Co., Ltd*, 282

23   F.R.D. 259, 263 (N.D.Cal. 2012).  In deciding whether to allow an apex deposition, courts consider (1)

24   whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case

25   and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods.

26   *Id.*  The broad scope of inquiry generally allowed in civil litigation discovery does not apply in a

27   detention hearing under 18 U.S.C. § 3142(f).  Defendant has failed to proffer any information that

28   Sheriff Lombardo is likely to provide testimony favorable to his defense.  Nor has he shown that Sheriff

1    Lombardo has unique first-hand, non-repetitive knowledge of the events of April 12, 2014 that cannot

2    be obtained from other witnesses or sources.  In this regard, Defendant states that LVMPD Officers

3    McEwen and Empey have personal knowledge of the events on April 12, 2014 and were with him

4    during most or part of the events on that day.  It therefore appears that either of these officers could

5    testify to the matters on which Defendant seeks Sheriff Lombardo's testimony.  The Court therefore

6    sustains the Government's objection to Sheriff Lombardo's testimony and will not permit Defendant to

7    call him to testify at the hearing.  The Court also quashes the subpoena that Defendant was authorized

8    to serve on Sheriff Lombardo.

9           The Government's objection to permitting Defendant to call LVMPD Officers McEwen and

10   Empey as witnesses is also well taken in that Defendant has not shown that either officer is likely to

11   provide testimony favorable to his defense.  Whether to permit witness testimony at the hearing is,

12   however, a matter of discretion.  As stated in *Hurtado*, the court's discretion to curtail cross-

13   examination or witness testimony based on relevancy, or to prevent the detention hearing from

14   becoming a full-blown trial, should be exercised with the recognition that the defendant faces the

15   potential of pretrial detention for a significant period of time.  779 F.2d at 1480.  The observations of

16   local police officers regarding Defendant Bundy's conduct on April 12, 2014 appears relevant to his

17   claim that no assault occurred, or that he did not take an active role in any such assault.  Whether either

18   officer will provide testimony favorable to Defendant is unknown.  The Court will nevertheless permit

19   Defendant to call these two witnesses at the hearing.

20          In regard to Sheriff Nathan Curtis of Sevier County, Utah, the Court has concerns similar to

21   those regarding Sheriff Lombardo.  Additionally Sheriff Curtis presumably will be required to travel a

22   considerable distance to attend the hearing.  Defendant Bundy has not shown that Sheriff Curtis is likely

23   to provide testimony favorable to his defense.  The Court therefore sustains the Government's objection

24   to Sheriff Nathan Curtis and will not permit Defendant to call him to testify at the hearing.  The Court

25   also quashes the subpoena that Defendant was authorized to serve on Sheriff Curtis.

26          The Court will permit Defendant Bundy to call his daughter Jerusha Bundy to testify regarding

27   the events in Richfield, Utah.  It is reasonable to infer that Defendant's daughter will provide testimony

28   favorable to his defense that he did not engage in threats or criminal conduct during the alleged events

in Utah.

The Court agrees with the Government that the relevance or materiality of Defendant's photographic and video recording exhibits is sketchy.  The Court will determine whether to admit exhibits, not previously excluded, based on Defendant making an adequate showing of their relevance during the hearing.  Accordingly,

**IT IS HEREBY ORDERED** as follows:

1. Defendant is precluded from calling Sheriff Joseph Lombardo and Sheriff Nathan Curtis as witnesses at the detention hearing.  The subpoenas previously authorized by the Court for these individuals are hereby **quashed.**

2. Defendant is permitted to call LVMPD Officers Mark McEwen and Brett Empey, and Jerusha Bundy as witnesses.

3. The Court reserves its decision on the admission of Defendant's photographic and video recording evidence, not previously excluded, until the time of the hearing.

DATED this 27th day of January, 2017.

GEORGE FOLEY, JR.
United States Magistrate Judge

4