1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>  v.<br><br>RYAN C. BUNDY,<br><br>                   Defendant. | Case No. 2:16-cr-00046-GMN-PAL<br><br>**ORDER**<br><br>(Mot Disclose Informants – ECF No. 1239) |

12   Before the court is Defendant Ryan C. Bundy's ("Bundy") Motion for Disclosure of

13   Informants (ECF No. 1239), filed January 5, 2017, which was referred to the undersigned pursuant

14   to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.  The court has reviewed

15   the Motion, Defendant Ryan W. Payne's Joinder (ECF No. 1267), the government's Response

16   (ECF No. 1361), filed January 19, 2017, and Bundy's Reply (ECF No. 1387) and Sealed Exhibits

17   (ECF No. 1388), both filed January 24, 2017.

18   **BACKGROUND**

19   Ryan Bundy and 18 co-defendants are charged in a Superseding Indictment (ECF No. 27)

20   returned March 2, 2016.  In the current motion, he asks the court to order the government to

21   disclose the names and addresses of any and all informants.  *See* Mot. (ECF No. 1239) at 3.  Mr.

22   Bundy argues, "[i]n moving to suppress the contents of the searches in question, it is essential for

23   the Defendants to investigate whether the Government's reliance on such sources of information

24   was reasonable."  *Id.* at 4.  He relies on *Rovario v. United States*, 353 U.S. 53, 60–61 (1957), to

25   argue that the privilege protecting the identity of a government informant must give way if the

26   disclosure of an informant's identity or of the contents of his communication is relevant and helpful

27   to the defense or is essential to a fair determination.  Bundy contends that the government must

28   identify its informants because the government used information derived from such sources to

1

obtain initial search warrants.   He reports that the government has told him that "all such information has been provided or can be derived from the discovery previously provided." *Id.* at 4.  As a result, he requests an order requiring the government to provide a response to his "request for discovery and inspection," which contains 39 questions, some with multiple subparts.  *Id*. at 6–20.  His discovery request seeks disclosure of information concerning the use of "informants, confidential informants, witnesses, informers, confidential sources, sources of information, infiltrators, cooperating individuals, security informers or intelligence assets who participated in any way or who are material witnesses to any of the events charged in the indictment."  *Id*. at 6.

The government responds that Ryan Bundy has failed to demonstrate the existence of any additional information from informants that is relevant and helpful to his defense.  *See* Gov't Resp. (ECF No. 1361).  The government represents it does not intend to call any confidential informants as witnesses at trial,[1] and no confidential informant is a percipient witness to any events alleged of the conspiracy.  Additionally, the government is not aware of any exculpatory information that any confidential informant possesses.  Because a confidential informant is not a percipient witness to the conduct alleged and will not testify at trial, Bundy is not entitled to disclosure of any confidential informant's identity or information.  His bare claims do not satisfy his burden to identify a basis upon which disclosure is relevant and helpful, much less essential, to his case.  The government also argues that the motion is untimely.  Because motions to suppress were due in October 2016, Bundy cannot claim he requires the requested information to support a suppression motion.

In his Reply (ECF No. 1387), Ryan Bundy states he has a Fifth and Sixth Amendment right to face his accusers, especially if "the accusations made are false making up a criminal complaint." He asserts it is unconstitutional for the government to fail to disclose the federal officers or

---

[1]  The government filed a Motion for Protective Order Regarding Undercover Employee (ECF No. 1440) on January 27, 2017.  Chief Judge Navarro, the trial judge in this case, granted the government's motion and entered a protective order allowing the undercover employee to testify at trial using a pseudonym without publically disclosing his true identity.  *See* Order (ECF No. 1539).  An undercover employee is not the same as a confidential informant.  *See, e.g.*, *United States v. Forrester*, 616 F.3d 929, 943 (9th Cir. 2010) (noting that "traditional investigative techniques" may include the ""use of *confidential informants and undercover officers*, physical surveillance, pen registers, telephone rolls, search warrants, interviews, grand jury subpoenas, and trash searches") (emphasis added).

2

informants who made false reports, and he needs "a probable cause hearing to determine the prosecutions validity and their challenge of this motion and on their purported grounds for their denial." He requests "all information" regarding the sheriff and him "from video and or pictures taken from the day the defendant allegedly conspired with other co-defendants." *Id.* at 2 (citing Sealed Exhibits (ECF No. 1388) A, B, C, D). The Sealed Exhibits provide four pictures of what appears to be news coverage of the events described in the indictment. Bundy maintains that the government did not deny that it is withholding information about its informants. Because the government has used information from informants for the indictment, he argues that their identities are material to the preparation of his defense and must be provided before trial. Mr. Bundy believes the government charged defendants "based on bad faith as a direct and proximate of these false reports from such confidential informants falsified information." *Id.*

## DISCUSSION

### I.   RYAN BUNDY'S MOTION IS UNTIMELY

Rule 12 of the of the Federal Rules of Criminal Procedure[2] addresses deadlines for filing pretrial motions and the potential consequences for filing an untimely motion. If a party does not meet the deadline for filing a pretrial motion, "the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3). "The decision whether to grant an exception to a Rule 12 waiver lies in the discretion of the district court." *United States v. Tekle*, 329 F.3d 1108, 1113 (9th Cir. 2003) (citing *United States v. Gonzales*, 749 F.2d 1329, 1336 (9th Cir. 1984)). A belated decision to change trial tactics does not constitute good cause to excuse the waiver. *Gonzales*, 749 F.2d at 1336; *see also United States v. Nunez*, 19 F.3d 719, 722–23 (1st Cir. 1994) ("something more than an unexplained change of mind must be shown to warrant relief from a Rule 12(f) waiver brought on by the defendant's tactical decision"); *United States v. Kessee*, 992 F.2d 1001, 1002 (9th Cir. 1993) (finding no good cause when suppression motion was filed after trial started).

Pro se status "does not excuse a criminal defendant from complying with the procedural or substantive rules of the court." *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (citing

---

[2] Any references to a "Rule" or the "Rules in this Order refer to the Federal Rules of Criminal Procedure.

*Faretta v. California*, 422 U.S. 806, 835 n.46 (1975)); *see also United States v. Hung Thien Ly*, 646 F.3d 1307, 1315–16 (11th Cir. 2011) (noting that "ignorance is no hidden virtue; a *pro se* defendant must follow the rules"). The Sixth Amendment guarantees a *pro se* defendant "a fair chance to present his case in his own way." *United States v. Rice*, 776 F.3d 1021, 1026 (9th Cir. 2015) (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 177 (1984)). However, a "defendant who knowingly and intelligently assumes the risks of conducting his own defense is entitled to no greater rights than a litigant represented by counsel." *Flewitt*, 874 F.2d at 675 (citing *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984)).

On April 22, 2016, the court found that this case is complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii). *See* Case Management Order (ECF No. 321). The case management order set a deadline of October 3, 2016, for filing any pretrial motions and notices required by Rule 12 and LCR 12-1(b), which includes a motion to suppress evidence. The court granted Ryan Bundy's request for an extension of the deadline until October 17, 2016. *See* Order (ECF No. 802). Mr. Bundy did not seek another extension.

The Motion states it was filed to challenge search warrants issued in this case. The reply suggests it was filed to request a probable cause hearing challenging the sufficiency of the evidence used to obtain the criminal complaint and/or indictment. The motion is untimely. The Motion was filed on January 5, 2017, over two and a half months after the extended deadline expired. However, even if it had been timely filed, it should be denied on the merits.

## II.   THE MOTION FAILS TO A MAKE MINIMAL THRESHOLD SHOWING FOR DISCLOSURE OF CONFIDENTIAL INFORMANTS' IDENTITY AND ADDRESSES

As a general rule, a defendant has no constitutional right to discovery in a criminal case. *See, e.g.*, *Weatherford v. Bursey*, 429 U.S. 545, 559 (1997) ("There is no general constitutional right to discovery in a criminal case."); *Kaley v. United States*, --- U.S. ---, 134 S. Ct. 1090 (2014). However, a defendant is entitled to limited discovery under the Jencks Act, 18 U.S.C. § 3500, and as well as Rule 12.1, Rule 16, and Rule 26.2. Additionally, the Supreme Court has held that the prosecution has a constitutional duty under the due process clause to disclose material exculpatory information, including evidence bearing on the credibility of government witnesses. *See, e.g.*,

1   *Kyles v. Whitley*, 514 U.S. 419 (1995); *United States v. Bagley*, 473 U.S. 667 (1985); *Giglio v.*
2   *United States*, 405 U.S. 150 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963).

3        In *Rovario v. United States*, 353 U.S. 53 (1957), the Supreme Court recognized the
4   government's qualified privilege to withhold the identity of informants.  Where the informant's
5   identity is "relevant and helpful" to the defense or is "essential to a fair determination of the case,"
6   the government's privilege to withhold that information must give way.  *Id*. at 60–61.  "But the
7   right is not absolute."  *United States v. Rowland*, 464 F.3d 899, 909 (9th Cir. 2006).  A defendant's
8   "need for information must be balanced against the value of ensuring the safety of informants."
9   *Id.* (citing *United States v. Napier*, 436 F.3d 1133, 1136 (9th Cir. 2006)).  Under the *Rovario*
10  balancing test, the court weighs the government's interest in protecting the source of information,
11  the public's interest in protecting the flow of information, and the defendant's right to prepare his
12  or her defense.  *See United States v. Whitney*, 633 F.2d 902, 911 (9th Cir. 1980) (citing *Rovario*,
13  353 U.S. at 62).

14        The defendant bears the burden to show the need for disclosure.  *See United States v.*
15  *Williams*, 898 F.2d 1400, 1402 (9th Cir. 1990).  To obtain disclosure, a defendant must show a
16  need for the information and must show more than a "mere suspicion" that the informant has
17  information that will prove "relevant and helpful" to his or her defense or that will be essential to
18  a fair trial.  *United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2001).  The Ninth Circuit has
19  held that "a defendant is *sometimes* entitled to disclosure of the informant's identity, but only after
20  'making specific allegations that indicate the portions of the warrant claimed to be false' and
21  making 'a contention of deliberate falsehood or reckless disregard for the truth'."  *Rowland*, 464
22  F.3d at 909 (citing *United States v. Kiser*, 716 F.2d 1268, 1271 (9th Cir. 1983)) (emphasis in
23  original).  When a defendant fails to articulate any substantial reason why he should be entitled to
24  the confidential information, disclosure is not appropriate.  *Rowland*, 464 F.3d at 909 (citing
25  *Napier*, 436 F.3d at 1139).  Ninth Circuit precedent does not permit a defendant "to go on a fishing
26  expedition into the informant's background because 'a mere suspicion that the information will
27  prove helpful will not suffice' to demonstrate a need for disclosure."  *Rowland*, 464 F.3d at 909
28  (quoting *Williams*, 898 F.2d at 1402).  When a defendant makes a "minimal threshold showing"

for disclosure, "a district court must hold an in camera hearing." *Henderson*, 241 F.3d at 645 (quoting *United States v. Spires*, 3 F.3d 1234, 1238 (9th Cir. 1993)) (internal quotations omitted).

Here, Ryan Bundy has failed to make a minimal threshold showing for disclosure of confidential informants' identities or that an in camera review of such material is relevant and helpful to his defense. The government affirmatively represents it does not intend to call any confidential informants to testify at trial. Ryan Bundy's subjective belief that informants provided false information supporting the criminal complaint, superseding indictment or applications for search warrants is insufficient to meet his burden. His subjective belief that confidential informants would prove his innocence is also insufficient to meet his burden.

Additionally, as the court has explained in multiple prior orders challenging the sufficiency of the indictment, in ruling on a pretrial motion under Rule 12 the court must accept the allegations of the indictment as true and a may not prematurely rule on the sufficiency of the evidence to support a conviction. Ryan Bundy is not entitled to a probable cause hearing to challenge the sufficiency of the evidence used to charge him. He had a Fifth Amendment right to have a federal grand jury decide whether he should be held to answer for these charges. A federal grand jury found probable cause to charge Bundy and his co-defendants with the charges contained in the superseding indictment. The historic role of the grand jury is "regarded as a primary security to the innocent against hasty, malicious and oppressive prosecution" and serves "the invaluable function in our society of standing between the accuser and the accused . . . to determine whether a charge is founded on reason or was dictated by an intimidating power or by malice and personal ill will." *United States v. Caruto*, 663 F.3d 394, 398 (9th Cir. 2011) (citations and internal quotations omitted).

 Mr. Bundy is not entitled to obtain informants' identities and other informant discovery merely because the government utilized confidential informants. He must demonstrate a *specific* need for informants' identities and addresses, and other related discovery. The Motion only alleges that defendants need to investigate whether the government's reliance on confidential informants was reasonable. Mr. Bundy has not made any showing that the broad information requested is relevant and helpful to his defense. On this record, the court will therefore deny the Motion.

Having reviewed and considered the matters,

**IT IS ORDERED** that:

1. Defendant Ryan C. Bundy's Motion for Disclosure of Informants (ECF No. 1239) is **DENIED**.

2. Defendant Ryan W. Payne's Motion for Joinder (ECF No. 1267) is **GRANTED** in that his request to join in Bundy's substantive arguments is granted.

DATED this 21st day of February, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE