UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>RYAN C. BUNDY, )<br>)<br>Defendant. ) | Case No: 2:16-cr-00046-GMN-PAL |

**RYAN BUNDY'S OBJECTIONS TO MAGISTRATE JUDGE'S FEBRUARY 21, 2017 ORDER DENYING DISCLOSURE OF CONFIDENTIAL INFORMANTS**

**COMES NOW**, Ryan C. Bundy(hereinafter "RCB") pursuant to 28 U.S.C.A. § 636("Magistrate Act"), files his objections to the Court's Order[ECF No. 1599] and incorporates his Affidavit of Truth in support thereof as follows:

**OBJECTIONS TO [ECF NO. 1599]**

**OBJECTION 1:** The Magistrate's order is in error and contrary to law regarding the issue of good cause as it relates to the filing of Rule 12 pre-trial motions.

Defendants were unlawfully detained in Portland Oregon on other charges during the pendency of this case. Indeed, all proceedings should have been stayed by the Court sua sponte while the Portland case was finalizing and all matters being wrapped up. Compliance to the rules of the court are virtually impossible for pro se litigants who have no resources and do not trust those who are incarcerating them with appointing [t]heir legal counsel. The Magistrate failed to consider whether the federal government had a material conflict in being the "heavy hand" which was causing Defendant's procedural defaults/error and weighing that against RCB's

1

decision to not accept court appointed counsel based on the actual conflict that is self-evident and baked in the cake.  To the extent that the Court erroneously failed to consider prejudice to RCB in not granting his motion out of time; that it far outweighs any purported prejudice that the government may argue in refusing to disclose their confidential informants and all other discovery requested.  This is erroneous, contrary to law and sound judicial policy and discretion.

Further, the Magistrate failed to consider that RCB's late filing was in good faith considering the logistics of Defendant's legal resources and the fact specific circumstances that surround this matter clearly depict that the filing was in good faith.  The Department of Justice("Justice") previously claimed in Case No.: 3:16-cr-00051-BR-05; that they had no confidential informant/fact witnesses in the Portland, Oregon U.S District Court Case No. .  The District Court denied Defendants motion for discovery and disclosure of confidential informations/fact witnesses in that case also;

However,  contrary to Justice's material misrepresentation to the Court and Defendants in that case, the government put its confidential witnesses/informants as fact witnesses against RCB et al on the stand and caused them to testify against RCB et al during that case. This behavior prejudices Defendants because it causes a surprise and an ambush against RCB.  Indeed, he is unable to prepare for their factual misrepresentations; or otherwise preserve his rights which are being prejudiced by Justice's non-disclosure of potential exculpatory evidence and testimony; or to adequately examine the credibility and truthfulness of those same confidential informants.

Moreover, the Court failed to consider the Portland case at all; which related to the manic and disingenuous procedural posturing of Justice in that case against RCB et al; that if Justice made those [s]ame material misrepresentations in the Portland case; then Justice will likely attempt to utilize those same tactics related to their purported confidential informants and pattern

of surreptitiously "creating" fact witnesses without providing constitutional disclosure of the same . To the extent that the Court failed to consider Justice's past behavior against Defendants in Portland – the Court's ruling is an abuse of discretion, erroneous and contrary to the law.

**OBJECTION 2:** The Magistrate's order is in error and contrary to the law because a thresh-hold showing exists to grant RCB's Motion to Disclose Informants.

Incorporating the arguments from Objection 1, RCB avers that it is of no consequence that he is unable to show the specific [n]eed or who the informants are or what they will say. To know this information beforehand, is merely an illusory argument; because it does not consider the fact that Justice is using those purported confidential witnesses/informants as "fact witnesses" to ambush RCB et al. as it previously did in the *Portland* case. As stated *supra,* Justice has previously done this in Portland against Defendants; whereas Defendants preserved their objections to the same, regardless that RCB *et al* were found not guilty on all counts alleged by Justice.

Further, RCB has pointed to enough information that would indicate that Justice will attempt to do the same thing in the instant case. Hence, if the Court upholds the Magistrate's ruling to not grant RCB's Motion to Disclose Informants, then this Court should *sua sponte* issue a rule that Justice has waived any rights to rely on confidential informant/witnesses as fact witnesses during trial; or otherwise in dispositive motions filed by Defendants; and that Justice is barred from any attempt circumvent their prior statements regarding the existence of confidential informants/witnesses in the record to this effect moving forward.

Moreover, RCB intends to file an affidavit as a supplement that he has made the thresh-hold showing for a meritorious argument on the disclosure of informants; or that the Magistrate

knew or should have known that there was a material concern regarding a procedural ambush related to the fact witnesses by Justice against Defendants et al.

**OBJECTION 3:** The Magistrate's order is void; and therefore erroneous and contrary to law because a Magistrate Judge does not have Article III power; and is not vested with authority to rule on pre-trial discovery issues which are dispositive in nature.

To the extent that Defendant's Motion to Disclose Informants should be construed as dispositive in nature because of the conclusory effect that it could potentially have on RCB et al in obtaining a dismissal of the charges. Indeed, the Magistrate's order relies on authority that is not conferred upon an administrative law judge who has not been designated by Article III of the Constitution of the United States. RCB avers that this ruling demands a de novo review by the District Court Judge presiding over all matters contained herein.

**OBJECTION 4:** The Magistrate Judge's ruling did not consider or construe RCB's pre-trial pleadings liberally and draw all reasonable inferences in favor of Defendants herein; hence it is erroneous and contrary to the law.

In support thereof, RCB incorporates the arguments found in Objection 1 through 3 and the within the supplemental Affidavit which will follow. Pro se litigants are not required to know the law; cite with specificity or frame legal arguments and questions which would allow them access to the Courts. Indeed, Pro Se litigants do not know the language popularly called "legalese"; Hence, the Magistrate committed error when she measured RCB's pleadings to the same standards required by the attorneys employed by Justice; who have attended ABA accredited law schools; passed respective Bar Examinations; and are current holders of State issued Bar Cards.

The threshold required by RCB is merely the ability to be able to state enough facts from the record which the Court could plausibly ascertan RCB's right to action, dismissal or demand for discovery. Further, citing his right to Brady, Giglio and other exculpatory evidence cases should have been enough to require the Court to inquire further into the acts and omissions committed by Justice in the _Portland_ case against RCB et al.  Notwithstanding, the Magistrate should have inferred that Justice's disingenuous acts and omissions commited in _Portland_ are likely to occur in the instant case.

Further, the Magistrate penalized RCB for his decision to represent himself under the facts of this case and  in _Portland_ by implicitly and substantially stating that "it was his choice to represent himself" and that "He could have asked for CJA resources/ legal counsel to be appointed".  This finding is erroneous because the Magistrate prejudiced RCB et al without considering Justice's conflict with the U.S. District Court in Nevada and the District Court's throughout the United States of America.  Indeed, the Federal Government is the employer of the Federal Judiciary and the Department of Justice. Accepting legal counsel appointed by CJA causes an apparent and foreseeable conflicting effect per se. In the interest of justice, the Magistrate should have taken these facts into consideration and not penalized the Pro Se litigant who refused to allow the party with purported standing to  prosecute  him criminally; to also provide him with paid legal counsel and services.

RCB avers that the failure of the Magistrate to inquire further into the specific facts, or otherwise assist in developing facts that are alleged was in error.  The Magistrate erroneously relied on technical defects and materially under-developed facts to deny RCB's motion; where inferences should have been drawn liberally by the Magistrate but were not.  As such, the

Magistrate's Order does not comport with controlling law that governs Pro Se pleadings and those who are unrepresented in criminal proceedings.

To the extent that Defendant RCB's Motion to Disclose may be technically defective, RCB requests leave of Court to amend his motion, arguments and citations which should be granted liberally **in the interest and to the ends of justice**.

**WHEREFORE**, Defendant RCB requests that this Court find that:

1. Defendant's objections are well founded;

2. That the Magistrate's [ECF Doc. No. 1599]; should not be adopted;

3. That the Motion to Disclose Informants should be GRANTED;

4. Or alternatively, leave to amend and file a second motion to disclose informants should be granted;

5. And a protective order against Justice to not allow confidential informants to surreptitiously appear on the witness stand as fact witnesses during the case at bar;

6. and any further relief this Court deems proper and just.

RESPECTFULLY SUBMITTED,

/s/Ryan C. Bundy_____
Ryan C. Bundy, Pro Se

### VERIFICATION

I certify the foregoing is true and correct under penalties of perjury Pursuant to 28 USC 1746 that I am over the age of 18 years, that I have personal knowledge of the facts stated herein, and that I am fully competent to testify to those facts.

/s/Ryan C. Bundy_____
Ryan C. Bundy

### CERTIFICATE OF SERVICE

This 7th Day of March, 2017 a true and correct copy of the foregoing was served to the court, and opposing counsel via CM/ECF.

         */s/Angela Dows*_____
           *Angela Dows*