UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No: 2:16-cr-00046-GMN-PAL |
| RYAN C. BUNDY, *et al.,* ) | |
| Defendants. ) | |

## DECLARATION OF RYAN C. BUNDY

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. That my name is Ryan C. Bundy;

2. That I am a 45 year old caucasian man;

3. That I am domiciled in the state of Nevada ;

4. That my family owns and operates the Bundy Cattle Ranch in Clark county, Nevada;

5. That my family and I have owned and operated the Bundy Cattle Ranch in the same area since 1877;

6. That I traveled to Burns, Oregon on or around January 2, 2016;

7. That on information and belief, LaVoy Finicum and I were shot as a result of peacefully traveling in a truck down a roadway in the state of Oregon;

8. That I witnessed LaVoy Finicum("Finicum") die as a direct result of being shot in the back by purported federal agents absent any justifiable cause or actual threat towards the agents or others;

9. That myself and others were taken by force, against our will to a jail facility in Portland Oregon; and incarcerated for approximately 10 months without a facially valid warrant issued by a competent Judge for our arrest;

10. That myself and others were taken by force, against our will to a jail facility in Portland Oregon; and incarcerated for approximate 10 months absent any probable cause that I had committed a crime, were committing a crime or

1

    intended to commit a crime;

11. That on or around February 3, 2016, I was charged under intentionally defective indictment[s] with Conspiracy to Impede Officers of the United States in violation of 18 UCS 372;

12. That I was further charged under an intentionally defective indictment[s] with Possession of Firearms and Dangerous Weapons in Federal Facilities in violation of 18 UCS 930(b) and (2);

13. That I was further charged under intentionally defective indictment[s] with Use and Carry of a Firearm in Relation to a Crime of Violence in violation of 18 USC 924(c)(1)(A) and (2);

14. That I was further charged (twice – 2 Counts) under intentionally defective indictment[s] with Theft of Government Property in violation of 18 USC 641;

15. That the federal charges *supra* were styled as Case No.: 3:16-cr-00051;(hereinafter "00051") in the U.S. District Court for the District of Oregon; (hereinafter "*The Portland Case*");

16. That on information and belief, each of the charges lodged against me by the Department of Justice(hereinafter "Justice") in the *Portland Case* were facially invalid and intentionally defective because they did not allege my involvement at all or with any reasonable particularity; [See *Portland Case*; 00051; See ECF Doc. 5; and ECF. Doc 250]

17. That on information and belief, there exists clear evidence in the *Portland Case* Docket that Justice attempted to hide confidential informants from discovery; [See *Portland Case "00051"*; ECF 1309; page 2; ¶ 3]

18. That on information and belief, there exists clear evidence in the *Portland Case* Docket that Justice did successfully hide the names and the extent of the involvement of confidential informants throughout discovery; *Id*.

19. That on information and belief, there is clear evidence in the *Portland Case* Docket that Justice stated that their confidential informants would not testify on the witness stand as [fact witnesses]. *Id.*

20. That on information and belief, there exists clear evidence in the *Portland Case* Docket that Justice did call confidential informants to the witness stand, after they communicated to the Court that they would not; *Id.*

21. That the testimony given by Justice's confidential informants were intentional factual misrepresentations that prejudiced me in the *Portland Case*;

2

22. That I was not allowed to discover the deals made; the money spent on the testimony or any other exculpatory, not credible, conflicting and unlawful arrangement Justice entered into regarding their confidential informants;

23. That on information and belief, the confidential informants testimony qualified as Brady and Giglio for purposes of discovery but I was systemically denied access to the information by Justice through Court orders issued by the District Court in the *Portland Case*;

24. That on October 27, 2016, A federal jury found me and every other defendant who was charged and stood trial, NOT GUILTY on all charges presented by Justice to the District Court in the *Portland Case;* except where the jury was hung on one charge against me;

25. That at all relevant times herein, on information and belief, Justice has and continues to intentionally withhold confidential informant discovery information;

26. That I have shown a great need for that information based on the pattern of unlawful conduct by Justice in the *Portland Case;*

27. That on information and belief, I cannot adequately prepare for a trial against Justice if they intend to surprise me [again] with witnesses whom I am not prepared to cross examine related to the facts [sic] they will purport against me during a trial;

28. That I cannot tell the Court how I will be prejudiced; or what the great need [i]s with specificity when I do not know the names and information related to the confidential informants;

29. That this makes me feel like the flee whose master ripped off all of his legs; and then commanded that same flee to "jump", which is an impossibility; and illusory at best;

30. That on information and belief, Justice intends to rely on my pro se status and my lack of experience in federal courtrooms in order to oppress me and my defense with tactics such as complex pleadings with case law that I do not understand or theories of prosecution that I am unaware of until the last second;

31. That based on *The Portland Case*, (where I was substantially found not guilty by a jury of my peers) this Court should give my statements and facts -- reasonable deference when considering the prejudice that I am enduring every day that I am incarcerated and withheld from legal resources, my family, friends and other necessary resources outside of the jail facility;

32. That I believe there is an obvious legal, procedural and political vortex which is systemically operating to my detriment; and unconstitutionally violating all of my

rights every day;

33. That Justice violated Brady/Giglio during discovery in *Portland* and I have no reason to believe that they will not do it again;

34. That the nature of the *Nevada Case* is based on property rights and a lawful and peaceful protest to the extent that the Federal Government's standing is at issue;

35. That the nature of the *Portland Case* was based on property rights and a lawful and peaceful protest to the extent that the Federal Government's standing was at issue;

36. That I believe that my substantial rights and innocence far outweigh the Court's technical and procedural rules which may expedite the process, save the court a few bucks or otherwise bring the appearance of order;

37. That I believe all of those characteristics which the Court rationalizes the legitimacy of its expansive rules do not outweigh my substantial right to actual justice and not the appearance thereof;

38. That on information and believe, I don't have a burden to prove my innocence; but I do have a burden to NOT ALLOW Justice to prove any purported guilt with fabricated witnesses and/or evidence that has been procured from confidential informants that have something to lose or gain by their cooperation with the government;

39. That I maintain that I am innocent of all charges filed by Justice against me;

40. That my recent acquittals in the *Portland Case* are compelling evidence that this affidavit should not be considered merely self-serving and meritless to the extent that it is independently corroborated by the same;

41. That I believe that it is most likely that the one "lone" charge would not have ended in a "hung" jury and I would have been conclusively acquitted; had Justice not intentionally and maliciously violated Brady/Giglio; and the District Court not forced me to prove the great need for the discovery of surreptitious confidential informants;

42. That it is clear to me that Justice committed not only a material misrepresentation but more importantly a fraud on the court; when Justice disingenuously asserted in the *Portland Case* court record that they were not calling any confidential informants to the stand; and then, in fact, called the confidential witnesses after they represented otherwise.[See ¶¶ 18 through 26, *supra*];

43. That on information and belief, Justice violated the Oregon State Bar professional rules of conduct regarding the issue of confidential witness disclosure in Oregon;

44. That on information and belief, the conclusory effect, findings and ruling in *the Portland Case* not only corroborates my statements in this declaration but it should relieve me of the overly burdensome "technical/procedural" conclusory denials of all my motions in this Court;

45. That I believe that the Court should afford this declaration substantial deference when considering any matters in the instant case such as motions, responses and objections to the same;

46. That I believe that I have a great need to discover who all of Justice's confidential informants are; all of the transcripts; memorandum; summaries of testimony; law enforcement interviews with each CI; videos produced by CI's; CI articles; CI payments from Justice; CI deals or contracts for services with Justice;

47. That my great need for disclosure of this information is baked in the cake of Justice's charges and allegations against me and their prior misconduct; regardless that I cannot articulate legalese with the required specificity for attorneys;

48. That I am most likely unable to articulate the elements/threshold showing for Brady/Giglio discovery on legal papers; pleadings as the appellate courts have so ruled attorneys are required to do;

49. That I did not attend an ABA accredited law school. I have never taken or passed any Bar Examination and I do not possess a Bar card; hence, I am not authorized to practice law in any state;

50. That on information and belief, the Court should not deny my discovery motion because all of the flea's legs have now been "ripped" off by its master; and the flea is now unable to jump over the string when the master commands him to do so;

51. I declare under penalties of perjury that that the foregoing is true and correct to the best of my knowledge information and belief.

Executed this 27 day of March, 2017.

                                                      __/s/ Ryan C. Bundy_____
                                                            Ryan C. Bundy

## *CERTIFICATE OF SERVICE*

This 27~~7~~th Day of March, 2017 a true and correct copy of the foregoing was served to the court, and to opposing counsel via CM/ECF.

                                    */s/Angela Dows*
                                      *Angela Dows*