UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>RYAN C. BUNDY,<br><br>    Defendant. | Case No. 2:16-cr-00046-GMN-PAL<br><br>**ORDER**<br>– AND –<br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(Mot. to Dismiss – ECF No. 1647)<br>(Mot. for Joinder – ECF No. 1690) |

This matter is before the court on Defendant Ryan C. Bundy's Motion to Dismiss Indictment on Grounds of Denial of Defendant's Right to Speedy Trial and Denial of Due Process (ECF No. 1647). This motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice. The court has considered the Motion, Dave Bundy's Joinder (ECF No. 1690), the Government's Response (ECF No. 1718), and Ryan Bundy's Reply (ECF No. 1751).

**BACKGROUND**

Ryan Bundy's current Motion to Dismiss (ECF No. 1647) asserts the indictment should be dismissed because his rights to a speedy trial under the Sixth Amendment and the Speedy Trial Act have been violated because he has been held without trial for more than a year. Citing *Doggett v United States*, 505 U.S. 647, 652 (1992), Bundy argues that any delay of a year or more is presumed prejudicial. He also argues that his Sixth Amendment right to a speedy trial has been violated by a nearly two-year pre-accusation delay. He asserts that the government used the pre-indictment delay as a tactical weapon to engage in "trick interviews" of witnesses, and that the delay prejudiced him because it "allowed important evidence and witnesses for the defense to go missing." Specifically, his grandmother has now passed away. Bundy contends she was the most important witness to the chain of title and history of the Bundy ranch, and was needed to show the

1

ranch's "relationship with Clark County, the BLM and the local community." She could have testified to the Bundy family defendants' innocent state of mind.

LaVoy Finnicum was also shot and killed by law enforcement in Oregon on January 26, 2016. Bundy states Finnicum's testimony was needed to explain the state of mind and purposes of the horse riders on April 12, 2014, as he was one of the first horseman to arrive and prepare for the events of that day.

Finally, Bundy claims Michael Flynn was an important journalist and videographer who recorded crucial footage of the most important moments of April 12, 2014. His video has been used by the prosecution. At times Flynn is heard apologizing to protestors and at other times scolding the protestors stating their conduct was illegal. Defendants will not have an opportunity to cross examine him.

Bundy maintains that application of the four-part test articulated in *Barker v. Wingo*, 407 U.S. 514 (1972), mandates dismissal.

The government opposes the motion arguing Bundy's speedy trial complaints have been largely aired and consistently rejected since the grand jury returned the indictment on March 2, 2016. Bundy was indicted within the time allowed by the applicable statutes of limitation and the government was allowed to take sufficient time to investigate this multi defendant complex case. Bundy's post indictment claims lack merit because the court has made detailed findings and excluded the delay under applicable provisions of the Speedy Trial Act. Finally, the government maintains that the four *Barker v. Wingo* factors do not support dismissal. It has only been slightly more than one year since the indictment was returned, the delay has been caused because this is a complex multi-defendant case which has been severed into three groups for trial, and the prejudice to Bundy who is scheduled for trial in the second group will be "slight." The government argues that Bundy has not made a sufficient particularized showing that the deceased witnesses cited in his motion had relevant testimony critical to his defense.

Bundy replies that he is unaware of any purported evidence that a grand jury indicted him, and "objects to this case moving forward on facially defective charging documents." Bundy reiterates that he objected to this case being designated as complex at the April 22, 2016 scheduling

conference, and maintained then and now that designating the case as complex violated his Sixth Amendment to a speedy trial. He points out that he was in the District of Oregon between approximately April 28, 2016, until the conclusion of the trial on October 7, 2016, when he was acquitted. He was not returned to this district until December 1, 2016. He argues he has good cause for not timely filing his motion to dismiss within the time set by the court's case management order because he was in Oregon and in transit for a substantial amount of time, and because he has allegedly been in the "hole" on lockdown 23-hours a day. He also argues the four *Barker v. Wingo* factors weigh in favor of dismissal because of the length of the delay bringing this case to trial, the government's bad faith in not consolidating the Oregon case and Nevada case for trial, his persistence in asserting his rights to a speedy trial and the presumed and actual prejudice he has suffered by the delay.

## DISCUSSION

I. **LEGAL STANDARD**

   A. **Rule 12**

Pursuant to Rule 12 of the Federal Rules of Criminal Procedure,[1] a "party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Rule 12(b)(3) specifies the motions which must be made before trial. Among them are motions to dismiss for "a violation of the constitutional right to a speedy trial." Fed. R. Crim. P. 12(b)(3)(A)(iii). A pretrial motion to dismiss a criminal case is appropriate when it involves questions of law rather than fact. *United States v. Schulman*, 817 F.2d 1355, 1358 (9th Cir. 1987).

Rule 12 addresses the deadlines for filing pretrial motions and the consequences for filing an untimely motion. If a party does not meet the deadline for filing a pretrial motion, "the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3).

Pro se status "does not excuse a criminal defendant from complying with the procedural or substantive rules of the court." *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (citing

---

[1] All references to a "Rule" or "Rules" in this order refer to the Federal Rules of Criminal Procedure.

*Faretta v. California*, 422 U.S. 806, 835 n.46 (1975)); *see* also *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315-16 (11th Cir. 2011) (noting that "ignorance is no hidden virtue; a pro se defendant must follow the rules."). The Sixth Amendment guarantees a pro se defendant "a fair chance to present his case in his own way." *United States v. Rice*, 776 F.3d 1021, 1026 (9th Cir. 2015) (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 177 (1984)). However, a "defendant who knowingly and intelligently assumes the risk of conducting his own defense is entitled to no greater rights than a litigant represented by counsel." *Flewitt*, 874 F.2d at 675 (citing *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984)).

Ryan Bundy's current motion is untimely. The court has addressed Ryan Bundy's untimely filing of motions to dismiss in previous decisions. *See*, *e.g.*, Order and Report and Recommendation (ECF No. 1251) (denying the government's motion to strike (ECF Nos. 1127, 1129)). This motion was filed March 1, 2017, almost a month after the start of the first day of trial of the first group of co-defendants in this case. Filing multiple untimely pretrial motions is an abusive litigation tactic that unreasonably consumes the resources of the court and opposing counsel. Bundy was advised during the *Faretta* canvas that he would be required to follow the court's orders and rules. Pretrial motions were due October 3, 2016. Bundy and other co-defendants were granted a two-week extension until October 17, 2016 to file Rule 12 motions and notices. See Order (ECF No.802). This motion was filed more than four-and-a-half months after the pretrial motions deadline. Bundy has made no attempt to show good cause for his untimely filing.

This is not the first time Bundy has filed untimely pretrial motions. The court previously addressed Bundy's untimely filing of motions to dismiss in an Order and Report and Recommendation (ECF No. 1251). There, Bundy filed two untimely motions to dismiss on November 28, 2016, without seeking leave of the court, six weeks after his extended pretrial motion deadline expired. There, the court exercised its discretion to address the merits of his motions because he was not transported to this jurisdiction until mid-November 2016. *See* Motion for Order Compelling USMS to Expedite Transfer (ECF No. 970). However, Bundy did not request and has not been granted any additional extensions. The motion is therefore denied as

4

untimely. The court will simply not tolerate repeated disregard of court imposed deadlines, and will summarily deny any future untimely filed motions. Additionally, Bundy is warned that continuing to violate the court's orders, including the complex case schedule establishing case management deadlines, may result in revocation of his right to self-representation.

The motion lacks merit as well as being untimely.

### B. Speedy Trial

#### 1. Pre-Indictment Delay

The due process clause of the Fifth Amendment of the United States Constitution protects defendants from improper pre-indictment delay. *United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007) (quoting *United States v. Sherlock*, 962 F.2d 1349, 1353 (9th Cir. 1989)). "Generally, any delay between the commission of a crime and an indictment is limited by the statute of limitations." *Id.* (citing *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992)); *see also United States v. Marion*, 404 U.S. 307, 322 (1971) (finding that the applicable statute of limitations is "the primary guarantee against bringing overly stale criminal charges"). A statute of limitations provides a predictable, legislatively enacted limit on prosecutorial delay. *United States v. Lovasco*, 431 U.S. 783, 789 (1977). In some circumstances, however, the Due Process Clause requires dismissal of an indictment brought within the statute of limitations period. *Corona-Verbera*, 509 F.3d at 1112 (quoting *Huntley*, 976 F.2d at 1290).

In order to succeed on a claim denial of due process because of pre-indictment delay, a defendant must satisfy both prongs of a two-part test. *Id*. First, the defendant must prove "actual, non-speculative prejudice from the delay." *Id.* (citing *Huntley*, 976 F.2d at 1290). Second, the "length of the delay is weighed against the reasons for the delay." *Id*. The defendant must show that the delay "offends the 'fundamental conceptions of justice which lie at the base of our civil and political institutions'." *Sherlock*, 962 F.2d at 1353–54 (quoting *Lovasco*, 431 U.S. at 790). The second prong of the test applies only if the has demonstrated actual prejudice. *Corona-Verbera*, 509 F.3d at 1112 (citing *United States v. Barken*, 412 F.3d 1131, 1136 (9th Cir. 2005)). The Ninth Circuit has held that "establishing prejudice is a 'heavy burden' that is rarely met." *Id*. (citing *Huntley*, 976 F.2d at 1290).

### 2. The Sixth Amendment

The Sixth Amendment guarantees the accused the right to a speedy trial. The Sixth Amendment right to a speedy trial is a fundamental right that serves to: (i) "prevent undue oppressive incarceration prior to trial;" (ii) "minimize anxiety and concern accompanying public accusation;" and (iii) "limit the possibilities that long delay will impair the ability of the accused to [present a defense]." *United States v. Ewell*, 383 U.S. 116, 120 (1966). The Supreme Court has established a four-factor test to whether a defendant has been denied his Sixth Amendment speedy trial rights. A district court must examine: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's prior assertion of his or her right to a speedy trial; and (4) any prejudice the defendant suffered as a result of the delay. *See Doggett v. United States*, 505 U.S. 647, 651 (1992); *United States v. Alexander*, 817 F.3d 1178, 1181 (9th Cir. 2016). This four-factor test was first announced in *Barker v. Wingo*, 407 U.S. 514 (1972), which found that none of the four factors is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." *Id.* at 530–33. There, the Supreme Court found a five-year delay in bringing a case to trial did not violate a defendant's speedy trial right.

The Ninth Circuit has acknowledged that "the length of the delay is a 'threshold' factor, and a sufficiently lengthy delay 'necessitates an examination of the other three factors'." *Alexander*, 817 F.3d at 1181 (quoting *United States v. Sears, Roebuck & Co., Inc.*, 877 F.2d 734, 739 (9th Cir. 1989)). The Ninth Circuit considers a delay in excess of one year as "presumptively prejudicial." *United States v. Murillo*, 288 F.3d 1126, 1132–33 (9th Cir. 2002); *see also Alexander*, 817 F.3d at 1181 (citing *United States v. Gregory*, 322 F.3d 1157, 1161–62 (9th Cir. 2003)). The complexity of the case and nature of the charges are factors the court considers in determining whether delay in particular cases violates a defendant's Speedy Trial Act. *See, e.g., United States v. Saenz*, 623 F.3d 461, 464 (7th Cir. 2010) (finding no speedy trial violation because the case was complex and involved a conspiracy case with 19 co-defendants); *United States v. Brown*, 498 F.3d 523, 531 (6th Cir. 2007) (finding no speedy trial violation because complex case involved multiple crimes, defendants, and events occurring in multiple states); *United States v. King*, 483 F.3d 969, 976 (9th Cir. 2007) (finding no speedy trial violation because the case involved

a complex conspiracy, multiple defendants, and defendant substituted new counsel halfway through it); *United States v. Register*, 182 F.3d 820, 827 (11th Cir. 1999) (finding no speedy trial violation because of the complex nature of the case involving multiple defendants).

## II.   ANALYSIS AND DECISION

### A. Pre-Indictment Delay Does Not Warrant Dismissal of the Superseding Indictment

The superseding indictment was returned less than 2 years after the primary conduct charged in the superseding indictment. The charges were returned well within the statute of limitations, "the primary guarantee against bringing overly stale criminal charges." *United States v. Marion*, 404 U.S. 307, 322 (1971). Bundy has not established he has suffered any "actual, non-speculative prejudice" from the death of his grandmother, Mr. Finnicum, or videographer Flynn. He does not state when his grandmother died, only that she had information about the chain of title history of the Bundy ranch, and knowledge about the relationship between Clark County, BLM, and the local community. Bundy does not explain how this information is relevant or admissible in his defense, or claim that his grandmother is the only person with such knowledge. Finnicum would reportedly testify about the state of mind and purposes of the horse riders on April 12, 2014. However, according to multiple government proffers in this case there were of scores of horse riders involved in the April 12, 2014 event giving rise to the indictment, including at least one of Bundy's brother. Bundy does not articulate what relevant admissible evidence would be elicited from cross examination of videographer Flynn. *See Corona-Verbera*, 509 F.3d at 1113 (rejecting "generalized speculation as to what lost or deceased witnesses would have said" when the defendant failed to provide any proof); *United States v. Doe*, 149 F.3d 945, 947 (9th Cir. 1998) (finding that the mere passage of time in a four-year delay was insufficient to prove actual prejudice); *United States v. Manning*, 56 F.3d 1188 (9th Cir. 1995) (holding that any argument of prejudice is pure conjecture when a defendant fails to make a specific showing as to what a deceased witness would have said). His motion provides only the most summary, conclusory, and unhelpful description of what admissible evidence these deceased witnesses could possibly offer. Because Bundy has failed to demonstrate actual non-speculative prejudice from pre-indictment delay, the court need not address the second prong of the two-prong test. The Ninth Circuit has

made it clear that the burden of establishing actual prejudice is a heavy one, and that courts apply the actual prejudice test "stringently."

### B. Bundy's Speedy Trial Rights Have Not Been Violated

Ryan Bundy and 18 co-defendants are charged in a Superseding Indictment (ECF No. 27) returned March 2, 2016. The Superseding Indictment is based on events that occurred in April 2014. The trial in this case was declared complex for the reasons explained in the court's Case Management Order (ECF No. 321) entered April 26, 2016. A trial date was set for February 6, 2017, which was within one year of the initial indictment. Trial of the first group of defendants began on February 6, 2017. The case management order declaring the case complex made specific findings that the time between defendants' arraignment and pleas until the February 6, 2017 trial date was excludable under the Speedy Trial Act, 18 U.S.C. §§ 3161–3174. The case management order also set deadlines for filing motions to sever, pretrial motions and notices required by Rule 12 and Local Rule 12(1)(b).

Ryan Bundy did not object to the case management order. Defendant Brian D. Cavalier did file objections (ECF No. 314) to the case management order asking the district judge to review those findings, the complex case designation, and the trial date. The central argument of the objections stemmed from Cavalier's perceived violation of his speedy trial rights. Chief United States District Judge Navarro overruled the objections finding that several of the Speedy Trial Act's enumerated exclusion periods applied. *See* June 13, 2016 Order (ECF No. 523) at 4–7.

On December 12, 2016, the court ordered that the trial of the 17 defendants awaiting trial shall be severed into three groups or "tiers" for three separate trials. *See* Order (ECF No. 1098) at 25. The Tier 1 defendants are: Cliven Bundy, Ryan Bundy, Ammon Bundy, Peter Santilli, and Ryan Payne. The Tier 2 defendants are Dave Bundy, Mel Bundy, Joseph O'Shaughnessy, Brian Cavalier, Jason Woods, and Micah McGuire. The Tier 3 defendants are Richard Lovelien, Todd Engel, Gregory Burleson, Eric Parker, O. Scott Drexler, and Steven Stewart. The court further ordered that Tier 3 would proceed to trial first on February 6, 2017. Tier 1 would proceed to trial 30 days after the conclusion of the first trial and Tier 2 will proceed to trial 30 days after the conclusion of the second trial.

1    On January 11, 2017, Ryan Bundy and numerous other defendants, filed a "Unanimous Notice of Non-Consent to a Three Tier Trial or to Any Continuation of Any Trial" (ECF No. 1281), which objected to the undersigned's severance orders (ECF Nos. 1098, 1100–06, 1108–13) entered and served on December 12 and 13, 2016.  Pursuant to Local Rule IB 3-2(a), any objections to a magistrate judge's order must be filed within 14 days of service.  Accordingly, Judge Navarro entered an order striking the Notice of Non-Consent from the record as untimely.  *See* Jan. 13, 2017 Min. Order (ECF No. 1299).

Additionally, Judge Navarro recently granted the government's Motion to Exclude Time Under the Speedy Trial Act (ECF No. 1572).  *See* Mar. 14, 2017 Order (ECF No. 1712).  The motion asked the court to exclude 140 days for the first two trials as well as 60 days for the time between trials, totaling 200 days.  Judge Navarro found that "the circumstances of this case necessitate the further requested Speedy Trial Act exclusion of time." *Id*. at 5.

For the reasons explained, the court finds that Ryan Bundy's Sixth Amendment right to a speedy trial, and statutory STA rights have not been violated.  As the government correctly points out, defendants' speedy trial complaints have been repeatedly briefed and consistently rejected.  Both the undersigned and Judge Navarro have found that various enumerated exclusion periods of the Speedy Trial Act are applicable to this case.  Bundy did not file objections or appeal the court's findings in its Case Management Order (ECF No 321) that this was a complex case and excluding and tolling the time for bringing the matter for trial under the provisions of the Speedy Trial Act cited in the order.

## CONCLUSION

For the reasons explained,

**IT IS ORDERED** that Dave Bundy's Motion for Joinder (ECF No. 1690), that is, the request to join in the substantive arguments is **GRANTED**.

/ / /

/ / /

/ / /

/ / /

1    **IT IS RECOMMENDED** that Defendant Ryan C. Bundy's Motion to Dismiss Indictment on Grounds of Denial of Defendant's Right to Speedy Trial and Denial of Due Process by Pre-Indictment Delay (ECF No. 1647) be **DENIED** as untimely and on the merits.

Dated this 28th day of April, 2017.

                                                                     PEGGY A. LEEN
                                                                     UNITED STATES MAGISTRATE JUDGE