UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN BUNDY,<br><br>Defendant. | Case No. 2:16-cr-00046-GMN-PAL<br><br>**ORDER**<br>– AND –<br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(Mot. to Dismiss – ECF No. 1678)<br>(Mot. for Evid. H'rg – ECF No. 1679) |

This matter is before the court on Defendant Ryan C. Bundy's ("Ryan Bundy") Motion to Dismiss Count Thirteen for Improper Venue (ECF No. 1678) and Motion for Evidentiary Hearing (ECF No. 1679), filed March 6, 2017. These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice. The court has considered the Motions and the Government's Response (ECF No. 1734), filed March 20, 2017, and Ryan Bundy's Reply (ECF No. 1854), filed April 12, 2017. The reply was not timely filed. *See* Order (ECF No. 1761) (extending the reply deadline until April 7, 2017).

**BACKGROUND**

As relevant to his current motions, Ryan Bundy is charged in Count Thirteen with interference with interstate commerce by extortion in violation of 18 U.S.C. § 1951 and § 2. This charge arises from conduct that allegedly occurred between April 2, 2014, and April 9, 2014. Ryan Bundy contends that Count Thirteen should be dismissed because this court lacks venue because the "the offense as charged was not committed in this judicial district." Rather the Superseding Indictment alleges the events and alleged criminal activity took place in Utah. Bundy argues he is entitled to a trial in the district in which the crime is alleged to have occurred. He maintains the alleged criminal activity occurred in Utah, no impounded cattle were ever in the care, custody and possession of the Utah auctioneer, the government has not established probable cause that any

1

1  wrongful force, violence and fear was used, and the government "stipulated" during a January 31,
2  2017 detention hearing before Judge Foley that the events that took place on April 2nd and 9th 2014
3  equated to nothing more than protest."  The court should therefore dismiss count 13.

4  The government opposes the motion arguing Bundy focuses on the language of paragraph 180 of the Superseding Indictment and ignores paragraph 179 which incorporates paragraphs 1-153 in full.  The allegations of the Superseding Indictment as a whole establish venue in this district because it is alleged Bundy and others travelled to Utah for the unlawful purpose of threatening the auctioneer in Utah if he was involved in handling cattle impounded n the Nevada BLM operation.  The government acknowledges that venue may lie in more than one district but contends the District of Nevada is an appropriate venue because of the interstate nature of the Hobbs Act violation charged in count thirteen.  Under applicable law venue is proper in any district where interstate commerce is affected or where the acts, in this case, extortion, took place.  In this case co-conspirators traveled from Nevada to Utah to commit threats to impede the transfer of property (impounded cattle) from Nevada to Utah.

15 Bundy filed a consolidated reply addressing both his Motion to Dismiss Counts 4 and 11 (ECF No. 1681) and this Motion to Strike Count 13.  With respect to the count 13 Hobbs Act by extortion count Bundy argues the court lacks jurisdiction, or alternatively, that count 13 violates his due process rights because the government has not made even a cursory showing of a sufficient connection between his acts and interstate commerce.  He also argues that the § 1951 charge against him for extortion is constitutionally defective because it fails to name any victim of the alleged extortion at collection, locate the offense with specificity, describe insufficient detail the extortionate means charged, or allege federal jurisdiction.  He claims the government has intentionally misapplied controlling federal statutory authority over the cattle impoundment issue.  Assuming the trespass and impoundment order issued by the U.S. District Court of Nevada was lawfully issued against Cliven Bundy in 2013, Bundy claims that the defendants at most would be in violation of that civil order for which they should have been civilly prosecuted under 43 U.S.C. § 1733.  Arguably, defendant Bundy could also have been charged with criminal contempt for violation of the civil order.  The Department of Justice's failure to comply with 43 U.S.C. § 1733

"was in bad faith and a breach of candor; and any charges placed on Defendant in the furtherance of extortion or the Hobbs Act rings hollow and is at best disingenuous and abusive process against Bundy." The court should therefore strike count 13 of the superseding indictment.

## DISCUSSION

Pursuant to Rule 12 of the Federal Rules of Criminal Procedure,[1] a "party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Rule 12(b)(3) specifies the motions which must be made before trial. Among them are motions to dismiss for "improper venue." Fed. R. Crim. P. 12(b)(3)(A)(i). A pretrial motion to dismiss a criminal case is appropriate when it involves questions of law rather than fact. *United States v. Schulman*, 817 F.2d 1355, 1358 (9th Cir. 1987).

Rule 12 addresses the deadlines for filing pretrial motions and the consequences for filing an untimely motion. If a party does not meet the deadline for filing a pretrial motion, "the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3). Bundy has made no attempt to show good cause for his untimely motion.

Pro se status "does not excuse a criminal defendant from complying with the procedural or substantive rules of the court." *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (citing *Faretta v. California*, 422 U.S. 806, 835 n.46 (1975)); *see* also *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315-16 (11th Cir. 2011) (noting that "ignorance is no hidden virtue; a pro se defendant must follow the rules."). The Sixth Amendment guarantees a pro se defendant "a fair chance to present his case in his own way." *United States v. Rice*, 776 F.3d 1021, 1026 (9th Cir. 2015) (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 177 (1984)). However, a "defendant who knowingly and intelligently assumes the risk of conducting his own defense is entitled to no greater rights than a litigant represented by counsel." *Flewitt*, 874 F.2d at 675 (citing *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984)).

Ryan Bundy's current motion is untimely. The court has addressed Ryan Bundy's untimely filing of motions to dismiss in previous decisions. *See*, *e.g.*, Order and Report and

---

[1] All references to a "Rule" or "Rules" in this order refer to the Federal Rules of Criminal Procedure.

Recommendation (ECF No. 1251) (denying the government's motion to strike (ECF Nos. 1127, 1129)). This motion was filed March 6, 2017, almost a month after the start of the first day of trial of the first group of co-defendants in this case. Filing multiple untimely pretrial motions is an abusive litigation tactic that unreasonably consumes the resources of the court and opposing counsel. Bundy was advised during the *Faretta* canvas that he would be required to follow the court's orders and rules. The court granted Bundy and other co-defendants a two-week extension of the deadline for filing pretrial motions. See Order (ECF No 802). Bundy did not request, and has not been granted any additional extensions. His pretrial motions were due October 17, 2016. This motion was filed more than four-and-a-half months after the pretrial motions deadline. Bundy has made no attempt to show good cause for his untimely filing.

This is not the first time Bundy has filed untimely pretrial motions. The court previously addressed Bundy's untimely filing of motions to dismiss in an Order and Report and Recommendation (ECF No. 1251). There, Bundy filed two untimely motions to dismiss on November 28, 2016, without seeking leave of the court, six weeks after his extended pretrial motion deadline expired. There, the court exercised its discretion to address the merits of his motions because he was not transported to this jurisdiction until mid-November 2016. *See* Motion for Order Compelling USMS to Expedite Transfer (ECF No. 970). The motion is therefore denied as untimely. The court will simply not tolerate repeated disregard of court imposed deadlines, and will summarily deny any future untimely filed motions. Additionally, Bundy is warned that continuing to violate the court's orders, including the complex case schedule establishing case management deadlines, may result in revocation of his right to self-representation.

**IT IS RECOMMENDED** that Defendant Ryan C. Bundy's Motion to Dismiss Count Thirteen for Improper Venue (ECF No. 1678) and Motion for Evidentiary Hearing (ECF No. 1679) be **DENIED**.

Dated this 28th day of April, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE