UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00046-GMN-PAL |
| Plaintiff, | **ORDER** |
| v. | **– AND –** |
| RYAN BUNDY, | **REPORT OF FINDINGS AND RECOMMENDATION** |
| Defendant. | (Mot. to Strike – ECF No. 1681) (Mot. for H'rg – ECF No. 1682) (Mot. to Ext. Time – ECF No. 1855) |

This matter is before the court on Defendant Ryan C. Bundy's ("Ryan Bundy") Motion to Strike Counts Four and Eleven Because of Alibi (ECF No. 1681), Motion for Evidentiary Hearing (ECF No. 1682), filed March 6, 2017, and Motion to File Reply Brief (3) Days Late – Out of Time (ECF No. 1855), filed April 12, 2017. These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice. The court has considered the Motions and the Government's Response (ECF No. 1733), filed March 20, 2017, and Ryan Bundy's Reply (ECF No. 1854), filed April 12, 2017. *See* Order (ECF No. 1761) (extending the reply deadline until April 7, 2017).

## BACKGROUND

As relevant to his current motions, Ryan Bundy charged in the following counts:

- Count Four – Assault on a federal officer in violation of 18 U.S.C. § 111(a)(1), (b) and § 2. This charge arises from conduct that allegedly occurred on April 9, 2014.
- Count Eleven – Obstruction of the due administration of justice in violation of 18 U.S.C. § 1503 and § 2. This charge arises from conduct that allegedly occurred on April 9, 2014.

Ryan Bundy contends that Counts Four and Eleven should be stricken from the Superseding Indictment based on his alibi. Specifically, he argues, that Count 13 of the Superseding Indictment is "[a]libi sufficient to prove" that he was in Utah when the conduct charged in Counts Four and

1

Eleven occurred. Additionally, numerous witnesses, photographs and video footage will prove he was in Utah. He therefore moves to strike Counts Four and Eleven "by reason of verifiable alibi. He asks that the court grant the motion and requests an evidentiary hearing.

The government opposes the motion pointing out that Bundy and his co-defendants are charged with conspiracy. Two of the objects of the conspiracy are the crimes charged in Counts Four and Eleven: assault and obstruction. Under applicable Supreme Court case law, a co-conspirator is criminally liable for the substantive crimes committed by other co-conspirators in furtherance of the conspiracy if the crime falls "within the scope of the unlawful project" and could be reasonably foreseen as a necessary or natural consequence of the unlawful agreement. *See Pinkerton v. United States*, 328 U.S. 640, 647 (1946) (establishing that all co-conspirators are criminally liable for reasonably foreseeable overt acts committed by others in furtherance of the conspiracy they have joined, whether they were aware of them or not). Under co-conspirator liability law, proof of Bundy's presence in Nevada at the time of the offenses charged in Counts Four and Eleven is not necessary to obtain a conviction. Thus, even if Bundy was to prove his alibi defense to the jury's satisfaction, he is still criminally liable as a co-conspirator and under an aider and abettor theory.

Bundy replies that his motion to strike did not mention the *Pinkerton* rule. Rather, his argument is that Counts Four and Eleven of the Superseding Indictment are duplicitous. He also argues that the government's opposition "opened the door" to allow additional arguments raised for the first time in the reply that Count Two should also be stricken because it violates due process. Specifically, Bundy argues that because the government has not alleged the elements of each of the unidentified conspiracies alleged in Count One he will be unable to understand and prepare his defense, and his Fifth Amendment protection against double jeopardy will be eviscerated if the court allows it to stand. Both Counts One and Two should be stricken because they do not place him on constitutional notice of the crimes the government is attempting to charge him with, nor can he be "assured that he is being charged under the same facts that were presented to the Grand Jury."

/ / /

1    The reply also reiterates arguments made in prior motions that the District of Nevada lacks

2    jurisdiction over the conduct charged in Count Thirteen, the government has not shown a sufficient

3    nexus between his acts and interstate commerce, Bundy has a "good faith claim of right" to possess

4    and protect Bundy cattle, and that the counts alleged under 18 U.S.C. § 1951 are constitutionally

5    defective.  The consolidated reply argues the court should therefore strike Counts One, Two, Four,

6    Eleven, and Thirteen.

7                                             **DISCUSSION**

8    **I.    LEGAL STANDARD**

9            Pursuant to Rule 12 of the Federal Rules of Criminal Procedure, a "party may raise by

10   pretrial motion any defense, objection, or request that the court can determine without a trial on

11   the merits." Fed. R. Crim. P. 12(b)(1).  Rule 12(b)(3) specifies the motions which must be made

12   before trial.  Among them are motions to dismiss for "failure to state an offense." Fed. R. Crim.

13   P. 12(b)(3)(B)(v).  A pretrial motion to dismiss a criminal case is appropriate when it involves

14   questions of law rather than fact. *United States v. Schulman*, 817 F.2d 1355, 1358 (9th Cir. 1987).

15           In ruling on a pretrial motion to dismiss, the district court is "bound by the four corners of

16   the indictment." *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014); *United States v. Boren*,

17   278 F.3d 911, 914 (9th Cir. 2002) ("On a motion to dismiss an indictment for failure to state an

18   offense the court must accept the truth of the allegations in the indictment in analyzing whether a

19   cognizable offense has been charged.").  The court should not consider evidence that does not

20   appear on the face of the indictment.  *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996)).

21   Thus, a defendant is not entitled to a pre-trial evidentiary hearing to obtain a preview of the

22   government's evidence and an opportunity to cross-examine its witnesses. *Id.* at 669 ("A motion

23   to dismiss the indictment cannot be used as a device for a summary trial of the evidence.").

24           In determining whether a cognizable offense has been charged, the court does not consider

25   whether the government can *prove* its case, only whether accepting the facts as alleged in the

26   indictment as true, a crime has been alleged. *United States v. Milovanovic*, 678 F.3d 713, 717 (9th

27   Cir. 2012).  Rule 12 motions cannot be used to determine "general issues of guilt or innocence,"

28   which "helps ensure that the respective provinces of the judge and jury are respected." *Boren*, 278

F.3d at 914 (citation omitted).  A defendant may not challenge a facially-sufficient indictment on the ground that the allegations are not supported by adequate evidence.  *Jensen*, 93 F.3d at 669 (citation omitted).  However, the court may dismiss an indictment if "it fails to recite an essential element of the charged offense."  *United States v. Ezeta*, 752 F.3d 1182, 1184 (9th Cir. 2014) (citing *United States v. Omer*, 395 F.3d 1087, 1088 (9th Cir. 2005)).

## II.    ANALYSIS AND DECISION

As an initial matter, the motion is not timely.  Rule 12 addresses the deadlines for filing pretrial motions and the consequences for filing an untimely motion.  If a party does not meet the deadline for filing a pretrial motion, "the motion is untimely.  But a court may consider the defense, objection, or request if the party shows good cause."  Fed. R. Crim. P. 12(c)(3).

Pro se status "does not excuse a criminal defendant from complying with the procedural or substantive rules of the court."  *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (citing *Faretta v. California*, 422 U.S. 806, 835 n.46 (1975)); *see also United States v. Hung Thien Ly*, 646 F.3d 1307, 1315-16 (11th Cir. 2011) (noting that "ignorance is no hidden virtue; a pro se defendant must follow the rules.").  The Sixth Amendment guarantees a pro se defendant "a fair chance to present his case in his own way."  *United States v. Rice*, 776 F.3d 1021, 1026 (9th Cir. 2015) (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 177 (1984)).  However, a "defendant who knowingly and intelligently assumes the risk of conducting his own defense is entitled to no greater rights than a litigant represented by counsel."  *Flewitt*, 874 F.2d at 675 (citing *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984)).

Ryan Bundy's current motion is untimely, and he has made no attempt to show good cause for its late filing.  The court has addressed Ryan Bundy's untimely filing of motions to dismiss in previous decisions.  *See*, *e.g.*, Order and Report and Recommendation (ECF No. 1251) (denying the government's motion to strike (ECF Nos. 1127, 1129)).  This motion was filed March 6, 2017, a month after the start of the first day of trial of the first group of co-defendants in this case.  Filing multiple untimely pretrial motions is an abusive litigation tactic that unreasonably consumes the resources of the court and opposing counsel.  Bundy was advised during the *Faretta* canvas that he would be required to follow the court's orders and rules.  The court granted Bundy and certain

4

co-defendants a two-week extension of the deadline for filing pretrial motions. See Order (ECF No 802). Bundy has not requested, and has not been granted any additional extensions. His pretrial motions were due October 17, 2016. This motion was filed more than four-and-a-half months after the pretrial motions deadline. Bundy has made no attempt to show good cause for his untimely filing.

This is not the first time Bundy has filed untimely pretrial motions. The court previously addressed Bundy's untimely filing of motions to dismiss in an Order and Report and Recommendation (ECF No. 1251). There, Bundy filed two untimely motions to dismiss on November 28, 2016, without seeking leave of the court, six weeks after his extended pretrial motion deadline expired. There, the court exercised its discretion to address the merits of his motions because he was not transported to this jurisdiction until mid-November 2016. *See* Motion for Order Compelling USMS to Expedite Transfer (ECF No. 970). The motion is therefore denied as untimely. The court will simply not tolerate repeated disregard of court imposed deadlines, and will summarily deny any future untimely filed motions. Additionally, Bundy is warned that continuing to violate the court's orders, including the complex case schedule establishing case management deadlines, may result in revocation of his right to self-representation.

The motion lacks merit as well as being untimely.

The court will not consider issues raised for the first time in a reply brief. The court will also not reconsider issues raised and decided in prior motions Ryan Bundy has filed in this case. Accepting the truth of allegations in the Superseding Indictment, the court finds cognizable offenses have been charged in Counts Four and Eleven. The court must accept the allegations of the superseding indictment as true and leave for the jury whether the government can prove its case. Bundy is not entitled to a pre-trial evidentiary hearing to get a preview of the government's evidence or to present evidence of his alibi defense. Bundy claims he was in Utah when the conduct charged in Counts Four and Eleven occurred. An alibi is an affirmative defense. A district court may not make factual determinations about the validity of a defense in a pre-trial motion because this "would invade the province of the ultimate trier of fact." *United States v Schaefer*, 625 F 3d 629, 635 (9th Cir. 2010).

Finally, Bundy has been charged in two conspiracy counts and as an aider and abettor. Thus, even if he was not physically present during the conduct alleged in Counts Four and Eleven, he may nevertheless be prosecuted for the natural and foreseeable alleged acts of his co-conspirators in furtherance of the alleged conspiracy, whether or not he was aware of them. *See United States v. Fulbright*, 105 F.3d 443, 448 (9th Cir. 1997) (holding that a *Pinkerton* instruction on a charge of conspiracy to impede or injure federal officers under 18 U.S.C. § 372 was not plainly erroneous), *overruled on other grounds by United States v. Heredia*, 483 F.3d 913 (9th Cir. 2007); *see also United States v. Hernandez-Orellana*, 539 F.3d 994, 1007 (9th Cir 2008). The plain language of 18 U.S.C. § 372 and the Ninth Circuit's general conspiracy instruction set forth the conspiracy elements the government must prove: (1) an agreement between two or more persons to commit the crime charged in the indictment (*i.e.*, the object of the conspiracy); (2) the defendant became a member of the conspiracy knowing of its object and intending to help accomplish it; and (3) the object of the conspiracy. *See* 9th Cir. Model Crim. Jury Instructions, 8.20 Conspiracy – Elements; *United States v. Alghazouli*, 517 F.3d 1179, 1189 (9th Cir. 2008). Whether or not the government can prove these counts is for the jury, not the court to decide.

Accordingly,

**IT IS ORDERED** that Defendant Ryan C. Bundy's Motion to Extend Time to File Late Reply (ECF No. 1855) is **DENIED**.

**IT IS RECOMMENDED** that Defendant Ryan C. Bundy's Motion to Strike Counts Four and Eleven Because of Alibi (ECF No. 1681) and Motion for Evidentiary Hearing (ECF No. 1682) be **DENIED**.

Dated this 28th day of April, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

6