UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES,<br><br>                Plaintiff,<br>v.<br><br>RYAN C. BUNDY,<br><br>                Defendant. | Case No. 2:16-cr-00046-GMN-PAL<br><br>**ORDER**<br><br>(Mot Compel Disc - ECF No. 1861)<br>(Mot Strike – ECF No. 1907) |

Before the court is standby counsel for Ryan C. Bundy's Motion to Compel Discovery (ECF No. 1861) and the government's Motion to Strike, and in the Alternative, Response in Opposition (ECF No. 1907). The court has considered the motions as well as standby counsel for Ryan C. Bundy's Opposition to Motion to Strike Motion to Compel Discovery (ECF No. 1926), and Reply to Motion to Compel (ECF No. 1927).

In the current motion, standby counsel for Ryan Bundy seeks an order compelling access to certain discovery in preparation for trial. Specifically, standby counsel requested that the government provide a copy of trial exhibits in electronic format on March 24, 2017. On April 7, 2017, standby counsel requested, in the alternative, that the government provide an index cross-referenced against the underlying discovery to enable the client to meaningfully review the transcripts from the first trial. This motion was filed because, as of the date it was filed, the government had not yet responded to standby counsel's request. The motion argues that a copy of the exhibits from the first trial will allow pro se defendant Ryan C. Bundy to meaningfully exercise his right of self-representation. The first trial took place between February and April 2017. A district court in the Eastern District of Pennsylvania ordered a copy of trial exhibits to be provided to a pro per defendant in *United States v. Schwartz*, 2012 U.S. Dist. LEXIS 67661 (E.D. Pa. January 19, 2012). A copy of the trial exhibits from the first trial is relevant and helpful to Ryan

1

Bundy's defense and would not be unduly burdensome for the government to provide. Without access to a copy of the exhibits from the first trial, Ryan Bundy will be denied his means of exercising his constitutional rights to a fair trial and due process of law.

The government filed a Motion to Strike, or in the Alternative, its Response to the Motion (ECF No. 1907). In it, the government points out that the court granted Bundy's motion to represent himself in this case on April 20, 2016. As such, Ms. Dows is standby counsel and does not represent him, and cannot file substantive motions on his behalf. In the alternative, the government argues the court should deny the motion because it lacks merit. Specifically, it seeks special treatment for a defendant in this case with no support in the law. The case cited in the motion, *United States v. Schwartz*, provided the defendant in that case with exhibits from his own trial, not exhibits from a trial of his co-defendants. There is no legitimate reason to support granting special privileges to the defendant at the expense of the government, and the motion should therefore be denied.

The reply affirmatively represent that Ryan Bundy authorized standby counsel to file the motion. The court should grant the motion because he is a party in this case although he was not tried in the first trial, and granting the motion would not be giving him special treatment as a pro se litigant. Discovery is voluminous and the relief he seeks will assist Bundy in sorting through and being able to determine the evidence used in the first trial. He expects much of the same evidence will be used in his trial.

Assuming, without deciding, that Bundy directed that standby counsel file a motion, the motion will be denied.[1] Standby counsel has access to the docket in this case, including the clerk's list of exhibits that were admitted during the first trial. See Trial Exhibits Lists (ECF No 1902) filed April 24, 2017. Counsel need only access CM/ECF to obtain a list of the trial exhibits. No claim is made that any trial exhibit introduced in the first trial was not produced in discovery.

Accordingly,

/ / /

---

[1] Sealed Minutes of a July 6, 2017 ex parte hearing concerning CJA voucher concerns, which the court will not disclose on the public record, suggest this may be an issue.

**IT IS ORDERED** that:

1. The Motion to Compel Discovery (ECF No. 1861) is **DENIED**.

2. The government's Motion to Strike (ECF No. 1907) is **DENIED**.

DATED this 14th day of July, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE