# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:16-cr-00046-GMN-PAL |
| vs. | **ORDER** |
| RYAN BUNDY, | **Re: Motion to Reopen Detention Hearing (ECF No. 2069)** |
| Defendant. | |

This matter is before the Court on Defendant Ryan Bundy's Motion to Reopen the Detention Hearing or Alternatively Grant Pretrial Release Based on Due Process Violations (ECF No. 2069), filed on June 19, 2017. The Government filed its Response (ECF No. 2117) on July 3, 2016 and Defendant filed his Reply (ECF No. 2143) on July 10, 2017.

The undersigned addresses only that part of Defendant's motion that seeks to reopen the detention hearing based on allegedly material information that was not known or available to Defendant at the time of the reopened detention hearing on January 31, 2017. Several Defendants, including Defendant Ryan Bundy, have filed motions for pretrial release on the grounds that further pretrial detention violates their rights to due process of law under the Fifth Amendment to the United States Constitution. Defendant Ryan Bundy's argument for pretrial release based on his right to due process of law will be considered and decided by the presiding magistrate judge—Judge Leen.

## BACKGROUND AND DISCUSSION

On February 7, 2017, the undersigned magistrate judge issued his order denying Defendant Ryan Bundy's Motion for Own Recognizance or Bail Pending Trial (ECF No. 1082). *See Order* (ECF No. 1550). Pursuant to 18 U.S.C. § 3145(b), Defendant had the right to seek review of the undersigned's

order. On March 14, 2017, Defendant filed his objection to the February 7, 2017 order. *See Objection* (ECF No. 1720). On March 17, 2017, the district judge denied Defendant's objection as untimely. *Minute Order in Chambers* (ECF No. 1729). Much of Defendant's present motion sets forth his disagreement with the undersigned's February 7, 2017 order. The undersigned will not address Defendant's arguments that his previous motion for pretrial release was wrongly decided and that the February 7, 2017 order should be overruled.

18 U.S.C. § 3142(f) states that the detention hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. In support of his present motion, Defendant Bundy relies on grand jury testimony given by BLM Special Agent in Charge (SAC) Dan Love on October 15, 2015, which was allegedly unavailable to Defendant at the time of the reopened detention hearing on January 31, 2017. Defendant has also submitted an April 16, 2014 memorandum of activity prepared by Ranger Erika Shumacher regarding the events on April 12, 2014. Having reviewed these documents, the Court finds that they do not have a material bearing on the issue of detention and on whether conditions of pretrial release can be fashioned.

The February 7, 2017 order was substantially based on the events alleged in the superceding indictment that occurred on April 12, 2014, and on Defendant Bundy's statements before and after those events, in assessing whether he posed a substantial risk of non-appearance and a danger to the community, and whether conditions of pretrial release could be fashioned to address such risks. The BLM's, the FBI's or the Clark County Sheriff's assessment of the danger of violence posed by Defendant Ryan Bundy or other defendants prior to the event charged in the indictment, while relevant, does not materially affect this Court's determination that Defendant poses a substantial risk of nonappearance and a danger to the community and that there are no conditions or combination of

. . .

. . .

. . .

conditions that can reasonably assure his future appearance or protect the community against the risk of danger posed by Defendant.  Accordingly,

**IT IS HEREBY ORDERED** that Motion to Reopen the Detention Hearing or Alternatively Grant Pretrial Release Based on Due Process Violations (ECF No. 2069) is **denied**, except as to Defendant Ryan Bundy's argument that further pretrial detention violates his right to due process of law. The latter issue will be considered and decided by the presiding magistrate judge.

DATED this 19th day of July, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge