ANGELA H. DOWS, ESQ.
PREMIER LEGAL GROUP
Nevada State Bar No. 010339
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Telephone: (702) 794-4411
Facsimile: (702) 794-4421
E-Mail: adows@premierlegalgroup.com
Standby Counsel for Defendant Ryan C. Bundy

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN C. BUNDY,<br><br>Defendant. | 2:16-cr-00046-GMN-PAL<br><br>**MOTION TO WITHDRAW AS STANDBY COUNSEL**<br>**(Request for Expedited Hearing)** |

COMES NOW, ANGELA H. DOWS, ESQ. of the Law Firm of PREMIER LEGAL GROUP, standby counsel for Defendant RYAN C. BUNDY, and moves this Honorable Court for permission to withdraw as appointed standby counsel in the subject case. This Motion is brought before the Court pursuant to Local Rule 1A 11-6, Fed. R. Crim. P. 44(a), the enclosed affidavit, the accompanying points and authorities, the pleadings and papers on file in the case, as well as any further representations as the Court may request.

Dated this 13th day of September, 2017.

Respectfully submitted,
/s/ Angela H. Dows
ANGELA H. DOWS, ESQ.
1333 N. Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Standby Counsel for Defendant Ryan C. Bundy

**MEMORANDUM OF POINTS AND AUTHORITIES**

**STATEMENT OF FACTS**

After a motion hearing on April 19, 2016, Mr. Ryan C. Bundy was allowed the right to represent himself as guaranteed by the *Sixth Amendment*, with instant counsel to serve as standby counsel. *See* Doc. No. 285. Instant standby counsel has worked diligently on this case within her capacity as standby counsel to Mr. Ryan C. Bundy. Communications with Mr. Ryan C. Bundy have included numerous in-person and telephonic conferences, as well as sixty-five (65) written correspondences to Mr. Ryan C. Bundy to date.

On September 12, 2017, instant counsel received a correspondence from Mr. Ryan C. Bundy that, without revealing information protected by attorney-client privilege, contains language that instant counsel considers "repugnant" and that which the instant counsel has a "fundamental disagreement" with Ryan C. Bundy. *See* ABA Model Rule 1.16(b)(4). A copy of said September 2017 correspondence will be provided separately under seal as **Exhibit A**. That instant counsel has no choice but to believe that said correspondence is from Mr. Ryan C. Bundy and from no other person in that it: (1) contains a signature similar to that of a Mr. Ryan C. Bundy, and (2) the envelope that said correspondence was contained within was from a Ryan Bundy at the detention facility in Pahrump, Nevada. *See* **Exhibit A**.

That one or more others have prepared court documents for Mr. Ryan C. Bundy during the pendency of the instant case, including an individual that appeared to have drafted at least some part of the September 2017 correspondence in Exhibit A. *See* **Exhibit A**, *specifically see* page 1 noting drafted initials of "jke." That instant counsel sent an electronic correspondence to what appears to be the same person with the initials of "jke" in late August of 2017 regarding, in part, making sure that Ryan C. Bundy is directing the drafting of the documents she was preparing. A copy of the August 24, 2017 electronic correspondence from instant counsel to said

individual will be provided separately under seal as **Exhibit B**. Instant counsel is at this point only speculating as to the reason for the September of 2017 correspondence. However, due to the timing of the inquiry, telephone conferences thereto, and the related response from September of 2017, instant counsel can reasonably surmise that the August of 2017 electronic correspondence caused said individual to prepare the September of 2017 correspondence for Mr. Ryan C. Bundy to present to instant counsel as a response.

That underlying everything is the concern by instant counsel that Mr. Ryan C. Bundy is not solely focusing on the defense of his own case and instead potentially focusing on what I can only describe as collateral arguments that will perhaps not have a positive effect upon his defense at trial. Despite the trial date fast approaching, instant counsel cannot ignore Mr. Ryan C. Bundy's September of 2017 correspondence and related telephone calls thereto. Instant counsel requests that the motion to withdraw be granted under these circumstances.

**LEGAL AUTHORITY**

The Local Rules of the United States District Court for the District of Nevada, specifically LR IA 11-6 provides in part that no attorney "may withdraw after appearing in a case except by leave of the court." The Model Code of Professional Responsibility advises that an attorney be permitted to withdraw as counsel if the client "freely assents to termination of his employment." DR2-110(C)(5). The Comments to the ABA Model Rules, state that a written statement reciting the circumstances of the withdrawal be submitted. (Rule 1.16, Comment [4], 1999 Ed.).

Additionally, ABA Model Rule 1.16(a)(1), as well as (b)(4) and (b)(7), under the provisions for declining or terminating representation, state that a lawyer may be allowed to withdraw from representation when: (1) representation of the client "will result in violation of the rules of professional conduct or other law," (2) the client "insists upon taking action that the

lawyer considers repugnant or with which the lawyer has a fundamental disagreement," and (3) "other good cause for withdrawal exists."

In this case, without describing the substance of said September of 2017 correspondence, it appears to refer to a document that it is argued that instant counsel filed "without [his] consent" and may refer to the motion filed that resulted in the September 8, 2017 hearing. Said motion as addressed at the hearing was for the purpose of Mr. Ryan C. Bundy being able to potentially waive CJA counsel. As described in the hearing, in the event that, and only in the event that, Mr. Ryan Bundy were to lose his right of self-representation then standby counsel would be appointed in the case, and as noted in the hearing it would be over Mr. Ryan C. Bundy's objection. Instant counsel anticipates under such a circumstance that an argument be allowed to: (1) clarify what specifically would cause Mr. Ryan C. Bundy to lose said important right of self-representation, even for a brief period of time, and (2) case law references to contextualize in light of the asserted conduct.

That despite said hearing to clarify Mr. Ryan C. Bundy's inquiry, instant counsel is in receipt of a correspondence that was postmarked after the September 8, 2017 hearing, meaning that Ryan C. Bundy appears to persist in a mistaken belief regarding instant counsel. That the September of 2017 correspondence from Mr. Ryan Bundy is confounding in that my only role is as a standby and/or advisory counsel, and that my role for him is limited to begin with, including: (1) access to discovery/materials for his defense, (2) legal advisement within certain parameters, and (3) to "stand by" in the event that Mr. Ryan Bundy is unable to proceed in a self-represented capacity. That a hearing on September 8, 2017 was held in order to clarify to Mr. Ryan Bundy the limited nature of my role and its relative contingencies – and the purpose of filing said motion for a hearing.

Nevertheless, Mr. Ryan Bundy forges on under what instant counsel can only construe in his favor as a misunderstanding, that Mr. Ryan Bundy is under the mistaken impression that instant counsel can be forced by Mr. Ryan Bundy to affirmatively do whatever he wants done outside of the role of advisory/standby counsel, and in the time/place/manner he chooses. Further, instant counsel cannot reasonably attribute Mr. Ryan Bundy's actions to anxiousness for the upcoming trial, and Mr. Ryan Bundy has already gone through a federal trial within the last year in Oregon. The correspondence is also unrelated to the trial and is relative arguments.

Without disclosing the contents of the communication, which is five pages in length, said communication pursuant to ABA Model Rule 1.16 is a basis to allow withdrawal when: (1) it asks instant counsel to violate the rules of professional conduct, (2) it constitutes an insistence between said communication and related telephone communications to take action that instant counsel considers repugnant/not having a basis in fact or law as well as highlights a fundamental disagreement between Mr. Ryan C. Bundy and instant counsel, and (3) other good cause for withdrawal exists based upon the substance of the communication to instant counsel.

Withdrawal of instant counsel would not have an adverse effect on the case and Mr. Ryan C. Bundy does not object to this request. Conversely, through the September of 2017 communication and related telephone communications, Mr. Ryan C. Bundy requests that withdrawal by instant counsel occur. Therefore, instant counsel respectfully requests that this Honorable Court set a hearing as soon as is practically possible to grant this Motion to Withdraw as Counsel of Record and appoint new standby counsel for Mr. Ryan C. Bundy. Instant counsel also requests an expedited hearing such that withdrawal can occur "without material adverse effect on the interests of the client" pursuant to ABA Model Rule 1.16(b)(1).

## CONCLUSION

Wherefore, it is respectfully submitted that Angela H. Dows, Esq. be relieved as standby counsel of record and from responsibility for all future proceedings following appointment of substitute standby counsel for Mr. Ryan C. Bundy.

Respectfully submitted,
/s/ Angela H. Dows
ANGELA H. DOWS, ESQ.
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Standby Counsel for Defendant Ryan Bundy

## CERTIFICATE OF SERVICE

The undersigned hereby affirms that a copy of the foregoing:

**MOTION TO WITHDRAW AS STANDBY COUNSEL**
**(Request for Expedited Hearing)**

has been served on all counsel of record as listed below, via electronic transmission, pursuant to local Order, as follows:

Steven W. Myhre, Acting United States Attorney
Nicholas D. Dickinson, Assistant United States Attorney
Nadia J. Ahmed, Assistant United States Attorney
Erin M. Creegan, Special Assistant United States Attorney
Counsel for Plaintiff United States of America

DATED this 13th day of September, 2017.

____/s/_______________________
ANGELA H. DOWS, ESQ.