# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No.: 2:16-cr-46-GMN-PAL |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ) | |
| RYAN C. BUNDY, ) | |
| Defendant. ) | |

Pending before the Court is pro se Defendant Ryan C. Bundy's ("Defendant's") Objection (ECF No. 1688) to Magistrate Judge Peggy A. Leen's Order (ECF No. 1599) denying his Motion for Disclosure of Informants (ECF No. 1239). The Government filed a Response to the Objection. (ECF No. 1742). Defendant also filed a Declaration in support of his Objection subsequent to the Government's Response. (ECF No. 1772).

When reviewing the order of a magistrate judge, a district judge should only set aside the order if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); D. Nev. R. IB 3-1(a). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (citation omitted). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

Defendant's original motion sought disclosure of "the names and addresses of any and all informants whom the Government has utilized in the instant case." (Mot. Disclose

Informants at 3, ECF No. 1239). After thorough consideration of the full briefing of the motion, Judge Leen denied Defendant's motion both on timeliness grounds and on the merits, explaining that Defendant "fail[ed] to make [a] minimal threshold showing for disclosure of confidential informants' identity and addresses." (Order 4:20–21, ECF No. 1599). Defendant then filed the instant objection, asserting four claims of clear error by Judge Leen. (Obj., ECF No. 1688). First, he argues that "good cause" excuses his untimeliness. (*Id.* at 1–3). Second, Defendant asserts that during the Government's case against him in Oregon (a completely different case based on a separate indictment alleging different charges and underlying facts), the Government said that it was not calling confidential informants but then so did anyway; therefore, the Government "will attempt to do the same thing in the instant case." (*Id.* at 2–4). Third, Defendant objects to Judge Leen's authority "to rule on pre-trial discovery issues which are dispositive in nature." (*Id.* at 4). Finally, Defendant objects to Judge Leen's Order as failing to liberally construe his pro se pleadings. (*Id.* at 4–6).

First, the Court need not examine the timeliness of Defendant's motion as Judge Leen also considered his motion on the merits. (*See* Order 4:19). Second, Defendant argues that Judge Leen "failed to consider the Portland case at all." (Obj. at 2). The Court reviewed Defendant's original motion, which does not include any information or assertions regarding Defendant's separate case in Oregon. (*See* Mot. Disclose Informants). Judge Leen's Order was not clearly erroneous for failing to address an issue that Defendant did not raise.[1]

Third, the discovery-related motion was properly referred to Judge Leen pursuant to 28 U.S.C. § 636(b)(1)(A). This statute provides that "a judge may designate a magistrate judge to

---

[1] The Court further notes that even in Defendant's objection and declaration, he fails to demonstrate a connection between the Oregon case and the instant case in Nevada, such as a confidential informant testifying in Oregon about something relevant to his Nevada case. As such, even if the Court were to consider the new arguments raised by Defendant in his objection, Defendant would not meet his burden of demonstrating a minimum threshold showing for disclosure because he does not articulate any substantial reason why he should be entitled to the confidential information. *See United States v. Rowland*, 464 F.3d 899, 909 (9th Cir. 2006); *United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2001)

hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). The statute also enumerates several exceptions that cannot be finally determined by a magistrate judge, such as motions to dismiss an indictment or suppress evidence; however, none of these exceptions includes discovery-related motions, such as Defendant's original Motion for Disclosure of Informants. *See id.* Therefore, Judge Leen appropriately issued a final order on Defendant's motion.

Lastly, pro se status does not excuse a criminal defendant from complying with the procedural or substantive rules of the Court. *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975). "A defendant who knowingly and intelligently assumes the risks of conducting his own defense is entitled to no greater rights than a litigant represented by counsel." *United States v. Flewitt*, 874 F.2d 669, 674–75 (9th Cir. 1989). Thus, Defendant's pro se status does not absolve him of his duty to comply with legal standards, like his burden to demonstrate a minimum threshold showing for disclosure here. Therefore, Court overrules Defendant's objection because Judge Leen did not clearly err in her denial of Defendant's motion for failing to demonstrate "a *specific* need for informants' identities and addresses" and that "the broad information requested is relevant and helpful to his defense" as required by case law. (*See* Order 6:24–28); *see also United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2001).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Objection (ECF No. 1688) is **OVERRULED**.

**DATED** this __19__ day of September, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court