**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:16-cr-46-GMN-PAL |
| vs. | ) | |
| | ) | **ORDER** |
| RYAN C. BUNDY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is the Report and Recommendation (ECF No. 1251) entered by

Magistrate Judge Peggy A. Leen on January 6, 2017, denying Defendant Ryan C. Bundy's

("Defendant's") Motions to Dismiss (ECF Nos. 1030, 1031). Defendant timely filed his

Objection. (ECF No. 1370). The Government timely filed a Response, "oppos[ing] that

objection for the reasons articulated in its original responses." (ECF No. 1505).

## I.     BACKGROUND

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a

Superseding Indictment charging Defendant and eighteen other co-defendants with sixteen

counts related to a confrontation occurring on April 12, 2014, with Bureau of Land

Management ("BLM") Officers in Bunkerville, Nevada. (Superseding Indictment, ECF

No. 27).

Defendant filed two motions to dismiss. The first motion seeks to dismiss Counts Six,

Nine, Thirteen, Fourteen, and Fifteen[1] of the Superseding Indictment for failing to state a

sufficient nexus with interstate commerce to invoke federal jurisdiction. (Mot. Dismiss

---

[1] Defendant also seeks to dismiss Count Three in this motion; however, subsequent to this motion's filing, the Court dismissed Count Three on other grounds. (*See* Order, ECF No. 1483).

Interstate Commerce at 1, ECF No. 1030). The second motion seeks to dismiss Counts One, Five, Six, Eight, Nine, Eleven, Thirteen, Fourteen, and Fifteen as multiplicitous and cumulative, and therefore, a violation of the Fifth Amendment's prohibition of double jeopardy. (Mot. Dismiss Multiplicity at 1, ECF No. 1031). In her Report and Recommendation, Judge Leen rejected these arguments and recommended denial of both motions. (R. & R. 13:19–15:25, 20:5–22:10, ECF No. 1251).

## II.   **LEGAL STANDARD**

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

## III.   **DISCUSSION**

Defendant does not assert any specific objections to Judge Leen's Report and Recommendation denying his Motions to Dismiss, but rather he reiterates the same arguments from his original motions and requests that this Court reject Judge Leen's determinations. (Obj., ECF No. 1370). First, regarding the nexus with interstate commerce, Defendant again argues, "Federal law has long recognized that grazing cattle are not in interstate commerce." (*Id.* at 2); (*compare with* Mot. Dismiss Interstate Commerce at 4) (arguing that "the grazing cattle in question were not in commerce").[2] Judge Leen explained in her Report and

---

[2] Defendant appears to only object to Judge Leen's finding about Hobbs Act Extortion, as alleged in Counts Thirteen and Fourteen. (*See* Obj. at 3). To the extent that Defendant also objects to Judge Leen's findings regarding Counts Six, Nine, and Fifteen—Use and Carry of a Firearm in relation to a Crime of Violence—as sufficient under the Commerce Clause, the Court agrees with Judge Leen that Ninth Circuit precedent clearly forecloses this argument: "[The] argument that § 924(c) is unconstitutional as beyond the scope of the Commerce Clause is . . . foreclosed by *United States v. Staples*, 85 F.3d 461 (9th Cir. 1996), and *United States v.*

1  Recommendation: "Congress has authority under the Commerce Clause to regulate the market

2  for commodities, which includes livestock such as cattle. *See, e.g.*, *Dunn v. Commodity Futures*

3  *Trading Comm'n*, 519 U.S. 465, 475 n.11 (1997)." (R. & R. 13:22–25).  The Court agrees with

4  Judge Leen that to survive a motion to dismiss the Hobbs Act Extortion counts for failing to

5  provide a sufficient nexus to interstate commerce, "it is enough that the superseding indictment

6  alleges defendants knowingly committed extortion because, as a matter of law, the market for

7  cattle is 'commerce over which the United States has jurisdiction.'" (R. & R. 14:3–6) (quoting

8  *Taylor v. United States*, 136 S. Ct. 2074, 2081 (2016)).

9       This analysis further comports with the Ninth Circuit's prior ruling that "to establish the

10  interstate commerce element of a Hobbs Act charge, the government need only establish that a

11  defendant's acts had a *de minimis* effect on interstate commerce," and the effect need only be

12  probable or potential, not actual. *United States v. Lynch*, 437 F.3d 902, 908–09 (9th Cir. 2006).

13  The Ninth Circuit has consistently held that the interstate commerce element need not be

14  expressly articulated in the indictment to survive a motion to dismiss; however, this does not

15  absolve the Government from its burden to prove this element at trial. *See United States v.*

16  *Woodruff*, 50 F.3d 673, 677 (9th Cir. 1995), as amended (Apr. 19, 1995) (concluding that "in

17  light of the [Hobb's Act's] adjudicated broad reach," even an indictment without any

18  allegations of interstate commerce can sufficiently inform a defendant of the charges against

19  him).  Thus, having reviewed the record *de novo* regarding Defendant's Motion to Dismiss for

20  Interstate Commerce grounds, the Court agrees with the analysis and findings of Judge Leen in

21  her Report and Recommendation (ECF No. 1251) denying the Motion and incorporates them

22  by reference in this Order.

23

24  _____

25  *Harris*, 108 F.3d 1107 (9th Cir. 1997)." *United States v. Lynch*, 437 F.3d 902, 912 (9th Cir. 2006); (*see also* R. & R. 15:10–14).

1    Next, regarding Defendant's Motion to Dismiss for Multiplicity, Defendant contends

2  that the various counts constitute "lesser-included offenses of other counts," which violates

3  double jeopardy. (Obj. at 4).  Defendant also argues that Counts Four and Five, Assaulting a

4  Federal Officer in violation of 18 U.S.C. § 111(b), already include firearm enhancements, so

5  the corresponding Use and Carry of a Firearm in relation to a Crime of Violence in Count Six is

6  a "double firearm enhancement." (*Id.* at 5–6).  Defendant further objects to Judge Leen's use of

7  the test from *Blockburger v. United States*, 284 U.S. 299 (1932), which he states "does not by

8  itself resolve all double jeopardy questions[ because t]he test does not apply to many

9  scenarios." (Obj. at 8–9).[3]

10    The Court agrees with Judge Leen that the test from *Blockburger v. United States*, 284

11  U.S. 299, 304 (1932) is the appropriate test for determining if double jeopardy applies. *See,*

12  *e.g.*, *Rutledge v. United States*, 517 U.S. 292, 297 (1996) ("For over half a century we have

13  determined whether a defendant has been punished twice for the 'same offense' by applying the

14  rule set forth in [*Blockburger*].").  Under *Blockburger*, "the test to be applied to determine

15  whether there are two offenses or only one, is whether each provision requires proof of a fact

16  which the other does not." 284 U.S. at 304.  Similarly, a lesser-included offense, which

17  "requires no proof beyond that which is required for conviction of the greater [offense]," would

18  also violate double jeopardy. *See United States v. Jose*, 425 F.3d 1237, 1241 (9th Cir. 2005)

19  (citing *Brown v. Ohio*, 432 U.S. 161, 168 (1977)); *see also United States v. Davenport*, 519

20  F.3d 940, 943 (9th Cir. 2008) ("[T]he double jeopardy prohibition is implicated when both

21  statutes prohibit the same offense or when one offense is a lesser included offense of the

22  other.").

23    Here, the Court also agrees with Judge Leen that the crimes alleged against Defendant in

24  the Superseding Indictment all maintain different elements and require proof of different facts.

25
---
[3] Defendant cites many out-of-circuit cases that are not binding on this Court.

Judge Leen's Report and Recommendation goes through each charged offense, examining and comparing the elements consistent with the *Blockburger* test. (R. & R. 20:6–21). For example, Judge Leen explains: "[T]o prove forcible assault on a federal officer under § 111(b), the government must prove that defendants forcibly assaulted a federal officer. *See* 9th Cir. Model Crim. Jury Instruction 8.4 (approved Dec. 2015). No other offense [charged] requires proof of this fact." (*Id.* 20:7–10). Additionally, upon examination of the two conspiracy charges, the alleged objects of the conspiracy are distinct; therefore, each conspiracy count requires proof of a fact that the other does not. (*See* Superseding Indictment 38:19–41:9); (*see also* R. & R. 21:8–22:4). Conspiracy under 18 U.S.C. § 371 (Count One) and 18 U.S.C. § 372 (Count Two) also differ in that § 371 requires an overt act, while § 372 does not. *Compare* § 371 *with* § 372. Lastly regarding the conspiracy charges, "[t]he double jeopardy clause does not prohibit prosecution for both conspiracy and a substantive offense based upon the same conduct." *United States v. Huber*, 772 F.2d 585, 591 (9th Cir. 1985) (citing *Pinkerton v. United States*, 328 U.S. 640 (1946)).

Regarding the charges that are violations of the same statute, such as Counts Four and Five for Assault on a Federal Officer in violation of 18 U.S.C. §§ 111(a)(1), (b), and 2, these counts allege distinct conduct on different dates. (*See* Superseding Indictment 42:12–44:8) (Count Four is alleged on April 9, 2014, and Count Five allegedly took place on April 12, 2014); (*see also* R. & R. 20:22–21:3). As for the three charges under 18 U.S.C. § 924(c), Counts Six, Nine, and Fifteen each assert a different predicate charge: Count Six alleges Count Five as the predicate offense, Count Nine relates to Count Eight, and Count Fifteen refers to Count Fourteen. Therefore, each count is properly charged, not duplicative. *See United States v. Beltran-Moren*o, 556 F.3d 913, 916 (9th Cir. 2009), as amended (Mar. 10, 2009) ("As we held in *United States v. Smith*, a defendant may be convicted and sentenced for multiple violations of § 924(c) so long as 'each 924(c)(1) count [is] supported by a separate predicate

1   offense.' 924 F.2d 889, 894 (9th Cir. 1991) (citing *United States v. Fontanilla*, 849 F.2d 1257,

2   1259 (9th Cir. 1988)).").[4]

3          The Court finds that none of the charges as alleged constitute the same offenses or lesser

4   included offenses, and therefore, the Fifth Amendment's double jeopardy bar does not apply

5   here.  After performing a *de novo* review of the full record regarding Defendant's Motion to

6   Dismiss for Multiplicity, the Court agrees with the analysis and findings of Judge Leen in her

7   Report and Recommendation (ECF No. 1251) denying the Motion and incorporates them by

8   reference in this Order.

9          Accordingly, Defendant's Objection (ECF No. 1370) is overruled.  The Court accepts

10  and adopts Judge Leen's Report and Recommendation (ECF No. 1251) and denies Defendant's

11  Motions to Dismiss (ECF Nos. 1030, 1031).

12  **IV.    CONCLUSION**

13         **IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 1251) is

14  **ACCEPTED and ADOPTED in full**.

15         **IT IS FURTHER ORDERED** that Defendant's Motions to Dismiss (ECF Nos. 1030,

16  1031) are **DENIED**.

17         **DATED** this ___20___ day of September, 2017.

18

19                                                    _____

20                                                    Gloria M. Navarro, Chief Judge
                                                      United States District Court

21

22

23  ─────────────────────────
    [4] Regarding Defendant's argument that Count Six is a "double firearm enhancement," the Court disagrees
24  because Counts Five and Six require proof of different facts.  Therefore, these two counts do not violate double
    jeopardy.  The Court is not persuaded by Defendant's citation to *United States v. Berrios*, 676 F.3d 118 (3d Cir.
25  2012), an inapplicable out-of-circuit case wherein the parties specifically agreed that Virgin Islands felony
    murder was a lesser included of § 924(j) and *Blockburger* was not satisfied.