# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No.: 2:16-cr-46-GMN-PAL |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ) | |
| RYAN C. BUNDY, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court is pro se Defendant Ryan C. Bundy's ("Defendant's") Challenge to Jurisdiction (ECF No. 1536), which the Court construes as a Motion to Reconsider the Court's prior Order (ECF No. 1353)[1] regarding jurisdiction.[2] The Government filed a Response (ECF No. 1570), and Defendant filed two Replies (ECF Nos. 1651, 1652).[3]

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging Defendant and eighteen other co-defendants with sixteen counts related to a confrontation occurring on April 12, 2014, with Bureau of Land Management ("BLM") Officers in Bunkerville, Nevada. (ECF No. 27).

On October 17, 2016, co-defendant Cliven Bundy ("C. Bundy")[4] filed a Motion to Dismiss asserting that the federal government does not own the land in question, "any activity

---

[1] Defendant refers to this Order in a footnote on page 11 of his filing.

[2] This Motion is signed by pro se co-defendant Todd Engel, along with co-defendants Ammon Bundy, Ryan W. Payne, Cliven Bundy, and Pete Santilli. (Mot. Reconsider at 25, ECF No. 1536). To the extent that these co-defendants are seeking to jointly file Defendant's motion, the Court grants the request by Engel, but denies the request by the other four parties who are all represented by counsel. Parties who are represented by counsel "may not personally file a document with the court; [rather,] all filings must thereafter be made by the attorney." (D. Nev. LR IA 11-6).

[3] Defendant is only entitled to one reply. The first reply is the only one signed by Defendant. Accordingly, the Court will consider Defendant's first reply (ECF No. 1651) as the operative reply and will instruct the Clerk of Court to strike Defendant's second reply (ECF No. 1652).

[4] C. Bundy is Defendant's father.

of Federal Agents on [the land in question] during the time period described within the indictments was illegal, unlawful, and was an aggressive trespass onto lands owned by the people of Nevada." (Mot. to Dismiss 2:14–19, ECF No. 892). After full briefing and a hearing, Magistrate Judge Peggy A. Leen filed a Report and Recommendation rejecting Defendant's arguments and recommending denial of the motion. (R. & R. 11:24–12:2, 18:14–26, ECF No. 1173). C. Bundy objected to the Report and Recommendation (Obj., ECF No. 1226), and the Court performed a *de novo* review of C. Bundy's Motion to Dismiss before accepting and adopting Judge Leen's Report and Recommendation in full. (Order, ECF No. 1353). The Court, like Judge Leen, found that C. Bundy's arguments were foreclosed by case law, including C. Bundy's prior related civil cases, and the Court had jurisdiction over the land in question because it is owned by the federal government. (*Id.* 3:25–5:17).

In the instant motion, Defendant challenges the Court's jurisdiction once again. He asserts that the prior Order "fail[s] to mention . . . that the fourth paragraph of Section 4 of the Nevada Enabling Act . . . presents the clear intention of Congress to reserve right and title, i.e. ownership, of the unnappropriated [sic] public lands." (Mot. Reconsider at 11, ECF No. 1536). The Court understands this assertion, along with the rest of Defendant's motion, to argue that contrary to the Court's prior Order, the land is not property of the United States. (*See also id.* at 8) ("it cannot be proved by the explicit language of the Constitution for the United States, that property within a State of the union may be possessed by the federal government").

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah Cnty v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

The Court has reviewed the prior Order and the arguments presented by Defendant in his motion and has not found any reason to overturn this Court's previous Order. The Court finds neither clear error nor manifest injustice in the reasoning of its previous Order. Additionally, Defendant cites no newly discovered evidence or intervening change in controlling law. As then-District Judge Johnnie B. Rawlinson originally determined in C. Bundy's civil case in 1998, which was affirmed by the Ninth Circuit, the land in question belongs to the United States, and federal courts have proper jurisdiction to adjudicate this case. (*See* Order, *United States v. Bundy*, Case No. 2:98-cv-0531-JBR-RJJ, 1998 U.S. Dist. LEXIS 23835 (D. Nev. Nov. 3, 1998), ECF No. 19, *aff'd by* 178 F.3d 1301 (9th Cir. 1999)). Therefore, the Court denies Defendant's Motion to Reconsider.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Reconsider (ECF No. 1536) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall strike the document currently filed as Defendant's second reply (ECF No. 1652).

**DATED** this 20 day of September, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court