**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> RYAN C. BUNDY, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No.: 2:16-cr-46-GMN-PAL <br><br> **ORDER** |

Pending before the Court are three Report and Recommendations (ECF Nos. 1911, 1912, 1913) entered by Magistrate Judge Peggy A. Leen on April 28, 2017, denying Defendant Ryan C. Bundy's ("Defendant's") three Motions to Dismiss and two related Motions for Evidentiary Hearing (ECF Nos. 1647, 1678, 1679, 1681, 1682). Defendant timely filed his Objections (ECF Nos. 1947, 1965, 1966), to which the Government filed Responses (ECF Nos. 1990, 2018, 2019).[1]

**I.     BACKGROUND**

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging Defendant and eighteen other co-defendants with sixteen counts related to a confrontation occurring on April 12, 2014, with Bureau of Land Management ("BLM") Officers in Bunkerville, Nevada. (Superseding Indictment, ECF No. 27).

Defendant's first Motion to Dismiss, filed on March 1, 2017, sought to dismiss his case speedy trial grounds, under both the Sixth Amendment and the Speedy Trial Act. (Mot. Dismiss

---

[1] The Court considers all three of these objections in this order because the objections predominantly focus on the issue of timeliness, for which Defendant raises similar arguments in all three objections.

Speedy Trial, ECF No. 1647). Defendant's second Motion to Dismiss, filed on March 6, 2017, sought to dismiss Count Thirteen for improper venue. (Mot. Dismiss Venue, ECF No. 1678). Finally, Defendant's third Motion to Dismiss, also filed on March 6, 2017, sought to dismiss Counts Four and Eleven because Defendant asserts an alibi that he was in Utah, not Nevada, during the alleged dates of these counts. (Mot. Dismiss Alibi, ECF No. 1681).[2]

In her three Report and Recommendations, Judge Leen first recommended denial of Defendant's motions as untimely. (*See* R. & R. Speedy Trial 4:28–5:1, ECF No. 1911); (R. & R. Venue 4:17–18, ECF No. 1912); (R. & R. Alibi, ECF No. 5:12–13). Judge Leen also recommended denial of Defendant's Motions to Dismiss regarding Speedy Trial and his Alibi because they lacked merit. (*See* R. & R. Speedy Trial 5:5, 7:5–9:20); (R. & R. Alibi 5:17–6:15).

## II.  LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

## III.  DISCUSSION

Defendant asserts many objections to Judge Leen's Report and Recommendations denying his Motions to Dismiss. (*See* ECF Nos. 1947, 1965, 1966). The Court will first examine his objections regarding timeliness before addressing his substantive objections.

---

[2] In his third Motion to Dismiss, Defendant also requests reconsideration of Judge Leen's Order denying his Motion to Extend Time to File Late Reply (ECF No. 1855). Judge Leen acknowledged, reviewed, and considered his reply. (R. & R. Alibi 2:17–3:6). However, when she recommended denial of Defendant's Motion to Dismiss as untimely, she did not clearly err in also exercising her discretion to order the denial of his Motion to Extend Time. *See* 28 U.S.C. § 636(b)(1)(A) (when reviewing the order of a magistrate judge, a district judge should only set aside the order if it is clearly erroneous or contrary to law).

**A. Timeliness**

Defendant's objections to all three Report and Recommendations on timeliness grounds predominantly raise the same arguments. Defendant argues that Judge Leen "failed to apply liberal construction to [his pro se] pleadings" and instead "applied attorney standards of construction." (Obj. Speedy Trial 6:24, 7:25–27).[3] Defendant also argues that Judge Leen should not summarily deny future untimely motions, as she warned in her Report and Recommendation. (*See* Obj. Venue 5:2–3). Additionally, Defendant contends that compliance with the Case Management Order was a "procedural impossibility" for him because he was "immersed in his defense preparations, legal research and actively defending himself while the Portland Case was ongoing." (*Id.* 9:9–10, 11:4–6). As such, Defendant asserts that he has established good cause to excuse any untimeliness, specifically based on his Oregon case. (Obj. Speedy Trial 16:8–10). Defendant "apologizes" for his untimeliness and explains that "[t]here is no allegation of a frivolous, vexatious or filing in bad-faith on the part of [Defendant] in the record." (Obj. Alibi 2:17–18, 3:2–4).[4] Defendant further argues that his "conduct was not flagrant, intentionally obstructionist behavior" and should therefore be excused. (*Id.* 3:6–8).

Dispositive pretrial motions under Federal Rule of Criminal Procedure ("FRCP" or "Rule") 12 were due on October 3, 2016. (Case Management Order 13:16–17, ECF No. 321). Upon request, Judge Leen extended this deadline for Defendant to October 17, 2016. (ECF No. 802). Defendant did not seek a further extension, even though he clearly knew that he

---

[3] Defendant asserts that the Court is "unhappy" with him. (Obj. Venue 3:19–20). The Court's rulings should not be considered personal affronts, but rather, these rulings are based upon procedural and substantive law. Procedural law, such as deadlines, are an important and necessary part of the judicial system to ensure that cases can proceed and be resolved.

[4] Throughout his objections, Defendant attempts to refute Judge Leen's admonishment regarding his inability to comply with the Court's orders potentially resulting in the revocation of his right to self-representation. (*See, e.g.*, Obj. Venue 13:18–14:14). Judge Leen did not make any findings about revoking his right to represent himself; rather, she was accurately putting him on notice. The United States Supreme Court has explained: "The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975).

could seek such an extension because one had previously been granted. Despite his pro se status, Defendant must still comply with deadlines imposed by the Court. *See United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (citing *Faretta v. California*, 422 U.S. 806, 835 n.46 (1975)). Indeed, as of January 2017, Defendant was particularly on notice that the pretrial motions deadline had passed. On January 6, 2017, Judge Leen filed an Order and Report and Recommendation on Defendant's Motions to Dismiss filed on November 28, 2016, and the Government's subsequent Motions to Strike for untimeliness. (Jan. R. & R., ECF No. 1251). Judge Leen denied the Government's Motions to Strike and recommended the denial of Defendant's Motions to Dismiss. As part of her recommendation, Judge Leen indicated the Motions were not timely filed, but she determined it was nonetheless appropriate to consider them on their merits, as she recognized Defendant was "in trial in Oregon for approximately 7 weeks before his acquittal on October 27, 2016, and he was not transported to this jurisdiction until mid-November." (*Id.* 6:13–16). Defendant did not file the instant Motions to Dismiss until about two months after Judge Leen addressed the issue of timeliness in her January Report and Recommendation, and almost five months after his extended pretrial motions deadline. Defendant's assertion that the Court should liberally construe his pleadings does not absolve him of his duty to comply with procedural and substantive rules. *Flewitt*, 874 F.2d at 674–75 (citing *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984), *cert. denied*, 469 U.S. 1165 (1985)) ("A defendant who knowingly and intelligently assumes the risks of conducting his own defense is entitled to no greater rights than a litigant represented by counsel").

Defendant's Oregon case may have excused his untimeliness in filing his earlier motions to dismiss filed in November 2016. (*See* ECF Nos. 1030, 1031). However, Defendant's failure to request a further extension, along with the filing of these motions several months after he had already received a warning and specific notice regarding timeliness, negates a finding that good

cause applies here. Accordingly, the Court agrees with Judge Leen that all three of Defendant's motions were untimely and overrules Defendant's objections regarding timeliness.

**B. Objection regarding Speedy Trial, ECF No. 1965**

Defendant first objects to the Speedy Trial Act exclusions and then objects to Judge Leen's analysis denying his pre-indictment delay argument. First, regarding the Speedy Trial Act exclusions, the Court has addressed this issue multiple times. (*See, e.g.*, ECF Nos. 523, 1099, 1712, 1872). This case has been properly designated as complex under 18 U.S.C. § 3161(h)(7)(B)(ii). (*See* ECF No. 321). All exclusions have conformed to the Ninth Circuit's "ends of justice" requirements of being "specifically limited in time" and "justified on the record with facts as to the time the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997); (*see, e.g.*, ECF Nos. 1712, 1872). Accordingly, the Court overrules Defendant's objection regarding the Speedy Trial Act exclusions.

Second, regarding pre-indictment delay, Judge Leen found that Defendant failed to establish "he has suffered any 'actual, non-speculative prejudice' from the death of his grandmother, Mr. Finnicum, or videographer Flynn." (R. & R. Speedy Trial 7:9–10). Defendant objects to this finding, asserting that these three missing witnesses were "useful . . . material and probative to the extent they could establish factual basis to refute the government's allegations burden to prove intent." (Obj. Speedy Trial 18:10–13).[5] In his Objection, Defendant's proffered bases for these witnesses predominantly mirrors his original motion. (*Compare* Obj. Speedy Trial 18:2–20:1 *with* Mot. Dismiss Speedy Trial 7:7–9:15).

To demonstrate that pre-indictment delay violated due process, a defendant must prove both "actual, non-speculative prejudice from the delay," and that the "length of the delay is

---

[5] Bundy also asserts that the pre-indictment delay was "intentional[] and malicious[]" because "[t]he government initially desired to charge the Bundy's with RICO." (Obj. Speedy Trial 21:16–25). Bundy did not raise this argument initially before Judge Leen. As such, it cannot be considered an objection to her Report and Recommendation. However, the Court notes that such speculation is unpersuasive and does not demonstrate actual prejudice. *See United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007).

weighed against the reasons for the delay." *United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007). The Ninth Circuit has held that "establishing prejudice is a 'heavy burden' that is rarely met." *Id.* (citing *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992)).

The Court agrees with Judge Leen that Defendant's summary descriptions fail to demonstrate admissible evidence. Defendant has not established how these third-party witnesses would have been able to refute Defendant's intent to commit the alleged crimes. As such, the Court agrees with Judge Leen that Defendant fails meet the "heavy burden" of demonstrating "actual, non-speculative prejudice from the delay" based on the proffered summary testimony of these three unavailable witnesses. *See Corona-Verbera*, 509 F.3d at 1112. Accordingly, the Court overrules Defendant's objection regarding pre-indictment delay.

**C. Objection regarding Venue, ECF No. 1966**

Defendant asserts that pursuant to FRCP 12(b)(2), "jurisdictional claims may be raised any time before trial." (Obj. Venue 17:5). However, FRCP 12(b)(3)(A)(i) refers to "motions that must be made before trial" and includes "improper venue." Improper venue is considered "a defect in instituting the prosecution" which must be raised as a pretrial motion. Fed. R. Crim. P. 12(b)(3)(A)(i). Such a motion is therefore properly considered a dispositive pretrial motion under FRCP 12, which was due October 17, 2016. (*See* ECF No. 802). As such, Defendant's objection is inapplicable under the proper Rule. The rest of Defendant's objection centers upon the timeliness issues, which the Court addressed previously. (*See supra* Part III.A.).

The Court also finds that the original motion lacks merit.[6] Defendant sought to dismiss Count Thirteen of the Superseding Indictment because the "court lacks venue" as Count

---

[6] Because Defendant objects to Judge Leen's "conclusory" dismissal of his Motion to Dismiss (*see* Obj. Venue 16:6–8), the Court finds it necessary to examine the merits of Defendant's motion as part of the *de novo* review.

Thirteen "was not committed in this district." (Mot. Dismiss Venue 2:2–3). Rather, Defendant argues, Count Thirteen alleges actions taking place on April 2, 2014, and April 9, 2014, in Utah. (*Id.* 2:7–12). Defendant urges that because venue is improper, the Court should dismiss the charge with prejudice. (*Id.* 3:3–11).

In considering a pretrial motion to dismiss for lack of venue, the Court must consider only the indictment and accept all allegations as true. *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996). An indictment need only contain a bare-bones allegations that criminal activity took place in the venue. *See United States v. Mendoza*, 108 F.3d 1155, 1156 (9th Cir. 1997). Further, "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C § 3237.

Count Thirteen asserts a violation of Interference with Interstate Commerce by Extortion and Aiding and Abetting. (Superseding Indictment 50:21). This count first incorporates preceding paragraphs 1 through 153, then alleges that Defendant and five co-defendants obstructed commerce by extortion by attempting "to obtain impounded cattle in the care, custody, and possession of a contract auctioneer in Utah, with his or her consent having been induced by the wrongful use of force, violence, and fear, including fear of economic loss." (*Id.* 51:6–13). The Superseding Indictment further alleges: "On or about April 2, 2014, [Defendant] and others working with him, traveled from Nevada to Utah to threaten force, violence and economic harm to the contract auctioneer providing services to the BLM." (*Id.* 19:22–24). As such, the allegations, taken as true, assert that Count Thirteen was committed partly in Utah, but also relate to Nevada, especially as this count requires interference with *interstate*

commerce. Thus, pursuant to § 3237,[7] the District of Nevada provides a proper venue for this count, and the Court overrules Defendant's objection.

**D. Objection regarding Alibi, ECF No. 1947**

Defendant does not raise any specific objection regarding Judge Leen's analysis demonstrating that Defendant's Motion to Dismiss Counts Four and Eleven for Alibi lacks merit. Nevertheless, having reviewed the record in this motion *de novo*, the Court agrees with the analysis and findings of Judge Leen in her Report and Recommendation (ECF No. 1913) denying this motion and incorporates them by reference in this Order. Specifically, the Court agrees with Judge Leen that "[a]n alibi is an affirmative defense" to be decided by the trier of fact—the jury. (*See* R. & R. Alibi 5:25–28). Further, the Court agrees that the Superseding Indictment charges Defendant with aiding and abetting for Counts Four and Eleven. (*See* Superseding Indictment 42:12–43:7, 49:1–20) (citing 18 U.S.C. § 2). As such, regardless of Defendant's alleged alibi for these counts, the Court will not dismiss these counts at this pretrial stage, and Defendant's objection is overruled.

Accordingly, Defendant's Objections (ECF Nos. 1947, 1965, 1966) are overruled. The Court accepts and adopts Judge Leen's Report and Recommendations (ECF Nos. 1911, 1912, 1913) to the extent that they are not inconsistent with this opinion and denies Defendant's Motions to Dismiss and related Motions for Evidentiary Hearing (ECF Nos. 1647, 1678, 1679, 1681, 1682).

**IV. <u>CONCLUSION</u>**

**IT IS HEREBY ORDERED** that the Report and Recommendations (ECF Nos. 1911, 1912, 1913) are **ACCEPTED and ADOPTED in full**.

---

[7] Defendant initially argued that Count Thirteen is not a continuing offense under § 3237 "because no part of the offense was begun, continued, or completed by means of any act in this district." (Mot. Dismiss Venue 2:25–27). The Court disagrees. Taking the allegations in the Superseding Indictment as true, Defendant traveled from Nevada to Utah to extort the contract auctioneer, meaning the count occurred at least in part within the District of Nevada.

**IT IS FURTHER ORDERED** that Defendant's Motions to Dismiss and related Motions for Evidentiary Hearing (ECF Nos. 1647, 1678, 1679, 1681, 1682) are **DENIED**.

**DATED** this \_\_20\_\_ day of September, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court