# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA, )
 )
        Plaintiff, ) Case No.: 2:16-cr-0046-GMN-PAL
   vs. )
 ) **ORDER**
RYAN C. BUNDY, )
 )
        Defendant. )
 )

Pending before the Court is Defendant Ryan C. Bundy's ("Defendant's") Objection (ECF No. 2238) to the Magistrate Judge George Foley, Jr.'s Order (ECF No. 2182) denying Defendant's Motion to Reopen Detention Hearing (ECF No. 2069). The Government filed a Response to Defendant's Objection (ECF No. 2269).

When reviewing the order of a magistrate judge, a district judge should only set aside the order if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); D. Nev. R. IB 3-1(a).[1] A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (citation omitted). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

---

[1] Defendant requests that the Court apply a *de novo* legal standard here. (*See* Obj. 9:16–17, ECF No. 2238). The Government does not provide a legal standard. The Court finds, however, that the instant filing is an Objection to a Magistrate Judge's Order, not a Motion for Review of Detention Hearing under 18 U.S.C. § 3145(b), which would require *de novo* review. Magistrate judges are afforded deference in their orders pursuant to 28 U.S.C. § 636(b)(1)(A).

1   On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a
Superseding Indictment charging Defendant and eighteen other defendants with sixteen counts
related to a confrontation with Bureau of Land Management (BLM) Officers in Bunkerville,
Nevada, on April 12, 2014. (ECF No. 27). On April 15, 2016, Defendant made his initial
appearance and was arraigned. (ECF No. 247). On April 21, 2016, Judge Foley held
Defendant's detention hearing. (*See* ECF No. 288). Defendant was ordered detained pending
trial as both a risk of flight and a danger to the community. (ECF No. 298).

On June 19, 2017, Defendant filed his Motion to Reopen Detention Hearing based on an
excerpt from Dan Love's Grand Jury testimony and a Memorandum of Activity by BLM
Ranger Erika Schumacher. (ECF Nos. 2069, 2070). Upon review of Defendant's proffered new
evidence, Judge Foley denied Defendant's motion, finding that he failed to meet the standard to
reopen the hearing. (Order 2:15–17, ECF No. 2182). Specifically, Judge Foley explained:

> The BLM's, the FBI's or the Clark County Sheriff's assessment of the danger of
> violence posed by Defendant Ryan Bundy or other defendants prior to the event charged
> in the indictment, while relevant, does not materially affect this Court's determination
> that Defendant poses a substantial risk nonappearance and a danger to the community.

(*Id.* 2:21–25).

Defendant asserts several objections to Judge Foley's Order. (Obj., ECF No. 2238).
First, Defendant objects to Judge Foley not addressing his due process claims. (*Id.* 6:11–15).
Second, he argues that Judge Foley failed to consider the "FBI Behavior Profile Unit's report
relied on by Dan Love in assessing that Ryan Bundy" was not a threat. (*Id.* 6:21–23). Third,
Defendant contends that Judge Foley failed to consider that "the Gold Butte Monument
designation has been rescinded," and therefore, Bundy is no longer "at odds with the policy of
the federal government regarding the public lands in Nevada." (*Id.* 8:14–9:7).

Defendant's first objection is now moot, as Judge Leen has ruled on his due process

claims. (*See* Order, ECF No. 2336). Second, Judge Foley considered the "assessment of danger" and found it not to be material. Additionally, Defendant did not provide a copy of the FBI Behavior Profile Unit's report, only the excerpt of testimony from Love. (ECF No. 2070). Judge Foley did not clearly err in not considering evidence that was not provided to him. As to Defendant's third objection, Defendant does not provide any citation to support his assertion regarding the new designation of the Gold Butte Monument, and the Court is unaware of such a permanent rescission regarding this designation. (*See* Obj. 8:14–9:7).

"The [detention] hearing may be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue [of detention]." 18 U.S.C. § 3142(f)(2). The Court finds that Judge Foley did not clearly err in concluding that Defendant failed to meet the standard of demonstrating that his new evidence is material. *See id.* (requiring the information submitted be both new and material before allowing a defendant to reopen a detention hearing). Therefore, the Court overrules Defendant's objection.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Objection (ECF No. 2238) is **OVERRULED**.

**DATED** this 20 day of September, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court