STEVEN W. MYHRE
Acting United States Attorney
District of Nevada
Nevada Bar No. 9635
NADIA J. AHMED
DANIEL R. SCHIESS
Assistant United States Attorneys
ERIN M. CREEGAN
Special Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
steven.myhre@usdoj.gov
nadia.ahmed@usdoj.gov
erin.creegan@usdoj.gov
dan.schiess@usdoj.gov

*Representing the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RYAN C. BUNDY,<br><br>    Defendant. | 2:16-CR-00046-GMN-PAL<br><br>**GOVERNMENT'S REPONSE IN OPPOSTION TO DEFENDANT RYAN BUNDY'S MOTION FOR CHIEF JUDGE NAVARRO TO RECUSE HERSELF (ECF No. 2624)** |

**CERTIFICATION:  This Response is timely filed.**

The United States, by and through the undersigned, respectfully files this response in opposition to Defendant Ryan Bundy's Motion for Chief Judge Navarro to Recuse Herself (ECF No. 2624) ("Motion"). For the reasons given below, the Motion should be denied.

## BACKGROUND

On March 2, 2016, a federal grand jury in the District of Nevada returned a sixteen-count superseding indictment against 19 defendants, charging them with:

Conspiracy to Commit an Offense Against the United States, 18 U.S.C. § 371;

Conspiracy to Impede or Injure a Federal Officer, 18 U.S.C. § 372;

Use and Carry of a Firearm in Relation to a Crime of Violence, 18 U.S.C. § 924(c);

Assault on a Federal Officer, 18 U.S.C. § 111(a)(1), (b);

Threatening a Federal Law Enforcement Officer, 18 U.S.C. § 115(a)(1)(B);

Obstruction of the Due Administration of Justice, 18 U.S.C. § 1503;

Interference with Interstate Commerce by Extortion, 18 U.S.C. § 1951; and

Interstate Travel in Aid of Extortion, 18 U.S.C. § 1952.

These charges all stem from a massive assault on law enforcement officers in April 2014, while those officers were duly executing the orders of the United States District Court for the District of Nevada.

Six defendants—Burleson, Drexler, Parker, Stewart, Lovelien, and Engel—were severed and tried in the first trial, beginning in February 2017. In April 2017, the jury returned guilty verdicts on some of the counts as against Burleson and Engel, but were deadlocked on the remaining counts. The jury further remained deadlocked on all counts as to defendants Parker, Drexler, Stewart, and Lovelien.

The Court declared a mistrial on all deadlocked counts and ordered their retrial on June 26, 2017.  The government has since dismissed the remaining

deadlocked counts against defendants Burleson and Engel, and the retrial of Parker, Drexler, Stewart, and Lovelien commenced on July 10, 2017. The jury acquitted Lovelien and Stewart, but hung on assault, threat, and 924(c) charges as to Parker and Drexler. Parker and Drexler were joined for trial with Cliven Bundy, Ryan Bundy, Ammon Bundy, Ryan Payne, and Peter Santilli. On October 6, 2017, Santilli pled guilty to conspiracy to impede or injure federal officers. The six remaining defendants are proceeding to trial October 30, 2017.

On October 4, 2017, Ryan Bundy filed a pro se motion alleging that Chief Navarro should recuse herself not because she has failed to be impartial, but because she appears to be to him. In support of his motion he cites websites, YouTube videos, and a sign held by his own supporters outside the courthouse. For the reasons given below, Bundy's motion falls well-short of the showing required for a judge to recuse herself. On the contrary, under existing case law, the judge has a duty not to recuse herself.

### LEGAL STANDARD

Judicial integrity is imperative. *Stone v. Powell,* 428 U.S. 465 (1976). All judges are entitled to a presumption for integrity and impartiality. *Withrow v. Larkin*, 421 U.S. 35, 47 (1975).

Under 28 U.S.C. §455(a): "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The operative question is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality

might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). A reasonable person must perceive a significant risk that the judge will resolve the case on a basis other than the merits. *Id*. The reasonable person is not someone who is "hypersensitive or unduly suspicious" but rather a "well-informed, thoughtful observer." *Id*. The standard "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantied suggestion of personal bias or prejudice." *Id*. The reasonable third party observer is not a "partly informed man-in-the-street" but rather someone who "understands all the relevant facts and has examined the record and law." *Id*. at 914.

Importantly, analysis of § 455 is limited by the "extrajudicial source" factor, which requires the basis for recusal to be "something other than rulings, opinions formed or statements made by the judge during the course of trial." *Id*. at 913-14.

"A judge must not simply recuse out of an abundance of caution when the facts do not warrant recusal. Rather, there is an equally compelling obligation not to recuse where recusal is not appropriate." *United States v. Davis*, No. 2:13-CR-00301-APG, 2013 WL 6389133, at *3 (D. Nev. Dec. 6, 2013) (citing *Holland,* 519 F.3d at 912 ("We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal."); and *United States v. Sierra Pac. Indus.,* 759 F. Supp. 2d 1198, 1200–01 (E.D. Cal. 2010)). Courts should be extremely reluctant to adopt recusal rules that would "encourage

[others] to suggest improprieties, and demand recusals, for other inappropriate …
reasons." *Cheney v. U.S. Dist. Court for Dist. Of Columbia*, 541 U.S. 913, 927 (2004).

Judges have not recused themselves even when defendants openly
threatened them, when the purpose of the threats was to obtain recusal. *See
Clemens v. U.S. Dist. Court for Central Dist. of California,* 428 F.3d 1175, 1179 (9th
Cir. 2005).

## ARGUMENT

Bundy's Motion does not allege that Chief Judge Navarro is biased against
him and toward the prosecution. Rather, he alleges that it appears that way in the
opinion of some people, based on internet postings, editorials/letters to the editor,
and a banner made and displayed by Bundy supporters outside the courthouse.
From their titles alone, many of the postings attached to the Motion are themselves
intensely biased. ("Bundy Court Spits on Constitution," "Harry Reid's pet judge
violates civil rights of Bundy Ranch defendants," "what a modern lynching looks
like"—and postings from sites like "libertyunyielding" or "unitedwestand2017" or
"1776again").

What Bundy fails to allege is what facts exactly would cause a reasonable
person to find that Chief Judge Navarro is biased. Bundy claims that the Court
rules favorably on more government motions than defense motions, but he neither
identifies which motions are wrongly decided nor does he disclose his reasons for
supposing that those rulings are motivated by bias.  Whatever his basis for making

that claim, however, the Court's rulings on motions alone cannot form the basis for recusal. *Holland*, 519 F.3d at 913-914.

Judges have an obligation not to recuse themselves when there is no basis to do so. Chief Judge Navarro has such an obligation here, as she did earlier in the case when defendant Cliven Bundy filed a frivolous (and later dismissed) civil lawsuit against her, and then used that lawsuit as a basis to request recusal. The information cited in Bundy's Motion is nothing more than social commentary and individual opinions about the court proceedings and court rulings.  The Chief Judge should not recuse based simply on the unremarkable notion that some observers do not agree with the Court's rulings.  If that were the standard, no judge could ever preside over a case when he or she makes unpopular, albeit legally correct, rulings. To do so would "encourage [others] to suggest improprieties, and demand recusals, for other inappropriate … reasons." *Cheney v. U.S. Dist. Court for Dist. Of Columbia*, 541 U.S. 913, 927 (2004).

In litigation, both parties cannot win every motion. One party often has the better position, legally or factually or both. A judge cannot rule 50-50 between two parties in order to satisfy a preconceived notion of fairness.  Fairness does not consist of taking a middle position between what the law requires and what the defendants and their supporters want.

Bundy fails to present evidence to show that the Chief Judge is biased or unfair.  He selectively cites public opinion pieces which neither demonstrate bias nor form the appropriate basis for recusal.  The Motion should, therefore, be denied.

**WHEREFORE**, for the foregoing reasons, the government respectfully requests that the Court deny Bundy's Motion for Recusal.

**DATED** this 17th day of October, 2017.

Respectfully,

STEVEN W. MYHRE
Acting United States Attorney

*/s/ Steven W. Myhre*
_____
NADIA J. AHMED
DANIEL R. SCHIESS
Assistant United States Attorneys
ERIN M. CREEGAN
Special Assistant United States Attorney

*Attorneys for the United States*

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## CERTIFICATE OF SERVICE

I certify that I am an employee of the United States Attorney's Office.  A copy of the foregoing **GOVERNMENT'S RESPONSE IN OPPOSTION TO DEFENDANT RYAN BUNDY'S MOTION FOR CHIEF JUDGE NAVARRO TO RECUSE HERSELF (ECF No. 2624)** was served upon counsel of record, via Electronic Case Filing (ECF).

**DATED** this 17th day of October, 2017.

*/s/ Steven W. Myhre*
_____
STEVEN W. MYHRE
Acting United States Attorney

8