# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,              )
                                       )
                    Plaintiff,         )          Case No.: 2:16-cr-46-GMN-PAL
                                       )
        vs.                            )
                                       )          **ORDER**
RYAN C. BUNDY,                         )
                                       )
                    Defendant.         )
_____)

Pending before the Court is pro se Defendant Ryan C. Bundy's ("Defendant's") Motion for Chief Judge Gloria Navarro to Recuse Herself. (ECF No. 2624). The Government filed a Response, (ECF No. 2720), and Defendant filed a Reply. (ECF No. 2780).

## I.   **BACKGROUND**

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging Defendant and eighteen other co-defendants with sixteen counts related to a confrontation occurring on April 12, 2014, with Bureau of Land Management ("BLM") Officers in Bunkerville, Nevada. (Superseding Indictment, ECF No. 27).

## II.  **LEGAL STANDARD**

Generally, absent a legitimate reason to recuse, "a judge should participate in cases assigned." *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (citing *Maier v. Orr*, 758 F.2d 1578, 1583 (Fed. Cir. 1985); *United States v. Snyder*, 235 F.3d 42, 46 (1st Cir. 2000)).

Two statutes apply to judicial recusal. First, 28 U.S.C. § 144 states in pertinent part:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias

or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The judge against whom recusal is sought determines the legal sufficiency of the motion. *See United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978). The statutory mandate to "proceed no further" applies only after the court determines the legal sufficiency of the affidavit. *Id.* Second, 28 U.S.C. § 455 specifically governs the instances and circumstances for disqualification.

Under 28 U.S.C. § 455(a) "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). "Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *Holland*, 519 F.3d at 913 (quoting *In re Mason*, 916 F.2d 384, 385 (7th Cir.1990)). "The 'reasonable person' is not someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" *Id.* (quoting *In re Mason*, 916 F.2d at 386).

The judge must apply an objective standard that requires

recusal if a reasonable third-party observer would perceive that there is a 'significant risk' that the judge will be influenced by the threat and resolve the case on a basis other than the merits. The reasonable third-party observer is not a 'partly informed man-in-the-street,' but rather someone who 'understand[s] *all* the relevant facts' and has examined the record and law.

*Id.* (quoting *LoCascio v. United States*, 473 F.3d 493, 496 (2d Cir.2007)) (emphasis added).

## III. <u>DISCUSSION</u>

Defendant requests that the presiding judge, Chief Judge Gloria Navarro ("presiding judge"), recuse herself alleging "evidence indicates a public perception that Judge Navarro is

biased in favor of the prosecution." (Def. Mot. at 1, ECF No. 2624). Defendant primarily bases his request on "newspaper reports, articles, essays, blog posts and broadcasts" along with twelve affidavits from individuals who have observed co-Defendants' trial. (Def. Mot. at 3–10); (*see generally* Ex. A to Def. Reply., ECF No. 2780). Additionally, Defendant argues that the presiding judge "generated a record which manifests a rate of approximately 100 percent granting of prosecution motions, while manifesting a 98 percent-plus rate of denial of substantive defense motions." (Def. Mot. at 2).

The Government responds that Defendant's Motion does not properly allege that the presiding judge is biased against him. The Government argues that Defendant only alleges that it appears that the presiding judge is biased "in the opinion of some people, based on internet postings, editorials/letters to the editor, and a banner made and displayed by Bundy supporters outside the courthouse." (Gov't. Resp. 5: 8–11, ECF No. 2720). Additionally, the Government claims that Defendant "fails to alleges [ ] what facts exactly would cause a reasonable person to find that Chief Judge Navarro is biased." (*Id*. 5:18–19). Furthermore, the Government avers that Defendant "selectively cites public opinion pieces which neither demonstrate bias nor form the appropriate basis for recusal." (*Id*. 6:21–23).

The Court finds that Defendant has failed to demonstrate that there is a significant risk that the presiding judge will resolve the case on a basis other than the merits because Defendant has filed to identify facts that show bias. Thus, Defendant has not provided a sufficient basis for the Court to delay the proceeding pursuant to 28 U.S.C. § 144 and to assign another judge to address the allegations of personal bias or prejudice. Defendant alleges that recusal is appropriate based on three pieces of evidence: (1) unfavorable court rulings; (2) opinions of individuals who have witnessed court proceedings; and (3) articles or other related media about

the presiding judge.[1] (*See* Def. Mot. at 2, 3–10); (*see also* Ex. A to Def. Reply., ECF No. 2780). First, "§ 455(a) is limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial." *Holland*, 519 F.3d at 913–14 (quoting *Liteky v. United States*, 510 U.S. 540, 554–56 (1994)). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id.* at 1454 (quoting *Liteky*, 510 U.S. at 554–56); *see also United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal."). Therefore, referencing the Court's rulings is not enough to qualify as an instance or circumstance for disqualification under 28 U.S.C. § 455.

Second, Defendant has not provided evidence that a reasonable third-party observer who understands *all* the relevant facts and has examined the record and the law would perceive that the presiding judge has a personal bias or prejudice that impacts this case. *Holland*, 519 F.3d at 913 (quoting *LoCascio v. United States*, 473 F.3d 493, 496 (2d Cir.2007)); *see* 28 U.S.C. § 455(b)(1). The opinions of supporters who observed prior trials of co-Defendants do not represent a reasonable third-party who understands *all* the relevant facts and law for Defendant's specific trial. (*See* Aiken Aff. ¶ 1.2, Ex. A to Def. Reply, ECF No. 2780) ("I have been a regular court observer at the first two Bundy Ranch trials, not every day but generally several times a week."). Lastly, for similar reasons as the court observers, the articles

---

[1] In Defendant's Reply, Defendant claims that a conflict of interest exists because the presiding judge's husband is employed with the Office of the Clark County District Attorney as one of the many Chief District Attorneys. (*See* Def. Reply at 4, ECF No. 2780). The Court has already addressed this allegation. (*See* Order Denying Motion to Disqualify, ECF No. 446). The Court finds that prior Order still applies. *See* Model R. of Prof'l Conduct 1.11; *see also* Model R. of Prof'l Conduct 1.10 (describing the general rule regarding imputation of conflicts of interest and noting specifically that "government lawyers [are] governed by Rule 1.11."). There is no conflict of interest because Defendant has failed to provide any legally sufficient reasonable factual basis for his hypothesis.

referenced by Defendant do not meet the reasonable third-party observer standard. *See Holland*, 519 F.3d at 913.

Defendant has failed to provide a legally sufficient basis for the allegations of personal bias and prejudice pursuant to 28 U.S.C. § 144.  Accordingly, the Court DENIES Defendant's Motion for Recusal.

## IV.    <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Defendant's Motion for Chief Judge Gloria Navarro to Recuse Herself, (ECF No. 2624), is **DENIED**.

**DATED** this _____7_____ day of November, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court